**In re LONG DISTANCE TELECOMMUNICATIONS LITIGATION.**

**Seymour LAZAR, an Individual on behalf of himself and all others similarly situated, Plaintiff,**

v.

**MCI COMMUNICATIONS CORPORATION, MCI Telecommunications Corporation, and Does I through X, inclusive, Defendants.**

**MDL No. 598.**
**Civ. No. 84CV4801DT.**

United States District Court,
E.D. Michigan, S.D.

Dec. 6, 1984.

James A. Mangione, Law Offices of James A. Mangione, San Diego, Cal., for Seymour Lazar.

Fay Clayton, Sachnoff, Weaver & Rubenstein, Ltd., Chicago, Ill., for Certified Collateral Corp., Earl E. Olive and David H. Locks.

Michael J. Freed, Chicago, Ill., for Euromarket Designs, Inc. d/b/a Crate & Barrel.

Karl L. Cambronne, Chestnut & Brooks, P.A., Minneapolis, Minn., for McIntosh Embossing, Inc.

Gerald D. Miller, Miller, Hochman & Myerson, Jersey City, N.J., for Mark Hochman, et al.

Grant S. Lewis, LeBouef, Lamb, Leiby & MacRae, New York City, for United States Transmission Systems, Inc.

Mitchell S. Goldgehn, Greenberg Keele Lunn & Aronberg, Chicago, Ill., for Allnet Communication Services, Inc.

Richard J. Gray, Jenner & Block, Chicago, Ill., for MCI Telecommunications Corp.

Howard G. Kristol, Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for GTE Corp., GTE Spring Communications Corp., GTE Automatic Elec. Corp., Southern Pacific Co., Southern Pacific Communication Co. and Southern Pacific Satellite Co.

John Havas, Foulkrod, Reynolds & Havas, Harrisburg, Pa., for Lilly M. Feitler, etc.

Nicholas Chimicles, Greenfield, Chimicles & Lewis, Haverford, Pa., for A. Linda Leventhal, etc.

Robert P. Hurlbert, Dickinson, Wright, Moon, Van Dusen & Freeman, Bloomfield Hills, Mich., for Western Union Telegraph Co.

Michael W. Ward, O'Keefe, Ashenden, Lyons & Ward, Chicago, Ill., for U.S. Telephone of the Midwest, Inc.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

This cause comes before the court on plaintiff's motion for remand to the California state court. For the reasons outlined below, plaintiff's motion is denied, and this cause is consolidated with the other federal actions transferred to this district court for pre-trial management by the Multidistrict Litigation Panel on August 27, 1984.

On May 16, 1984, plaintiff filed this class action for injunctive relief and damages in the Superior Court for the County of San Diego, California, alleging three causes of action: Count I for fraud and deceit; Count II for negligent misrepresentation, and Count III for unlawful, unfair or fraudulent business practices. Plaintiff claims that defendants, common carriers in competition with AT & T for the provision of long distance phone services to consumers, promised substantial savings on each long distance call made. Plaintiff charges that instead, defendants herein have in fact improperly charged, and continue to charge plaintiff and the class he proposes to represent for long distance calls which were never completed, and failed to notify plaintiff of that practice. The allegations of the complaint are characterized by plaintiff as violations of California statutory and common law, exclusive of any federal basis.

Defendants petitioned for removal in the United States District Court for the Southern District of California, alleging that plaintiff's claims arise under and are governed exclusively by the Federal Communications Act of 1934, 47 U.S.C. § 151 *et seq.* (1962). On June 22, 1984 counsel for the defendants wrote to the Judicial Panel on Multidistrict Litigation and designated this action as a potential "tag-along" action in connection with other cases then pending before the panel. On this same date, plaintiff petitioned the Southern District of California federal district court to remand to California state court. Hearing of that motion was deferred, pending the decision of the Multidistrict Panel.

On August 27, 1984, the Multidistrict Panel transferred nine long distance telecommunications actions pending in district courts to this forum. As a "tag-along" action, this case was subsequently transferred by order of the Panel dated September 28, 1984.

Pursuant to 28 U.S.C. § 1447(c) (1973), plaintiff now renews his motion for remand to the California state court on the ground that the matter was improvidently removed, no federal claims having been stated.

This action is but the most recent of fourteen class actions pending in the federal courts challenging the same alleged billing and disclosure practices of the defendants which are assailed by plaintiff herein. This court dismissed the first of these cases under the principles of primary jurisdiction, in deference to the Federal Communications Commission. *Control Electronics v. Southern Pacific Communications Co.,* 83CV1010DT (E.D.Mich.1984). The second case was dismissed by the District Judge on primary jurisdiction grounds as well. *Retail Recruiters of New York, Inc. v. MCI Telecommunications Corp.,* 83CV8048 (S.D.N.Y.1984). Of the remaining cases, nine have been transferred to this court by order of the Judicial Panel. The Panel's decision regarding transfer of a tenth case was deferred pending resolution of an appeal. The other two cases are no longer pending in federal courts. Although plaintiff's complaint does not expressly refer to the Federal Communications Act of 1934, the factual allegations of his complaint are materially indistinguishable from those presented in the cases which comprise the consolidated multidistrict matter now before this court, all of which are grounded in the Federal Communications Act.

*In Ivy Broadcasting v. American Tel. and Tel. Co.,* 391 F.2d 486 (2d Cir.1968), the Second Circuit Court of Appeals determined that "questions concerning the duties, charges and liabilities of telegraph or telephone companies with respect to interstate communications service are to be governed solely by federal law and that the states are precluded from acting in this area." 391 F.2d at 491. The court there held that a radio broadcasting company did not have a state law cause of action to redress the AT & T Company's allegedly negligent operation of its lines and discriminatory billing practices.

Defendants here cite *Ivy* in support of the argument that the state common law and statutory claims which plaintiff presents are preempted by the Communications Act. In response, plaintiff contends that under *Nader v. Allegheny Airlines,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976), his California state law claims are not preempted by the Communications Act as he had made no allegations which "arise under" that act. Further, plaintiff argues that the savings clause contained in the Communications Act, 47 U.S.C. § 414 (1962), expressly preserves his state law claims, as well as his right to elect to pursue either federal or state remedies.

This court must find that plaintiff's claims are preempted. 47 U.S.C. § 201(b) (1962) states as follows:

All charges, practices, classifications and regulations for and in connection with a carrier's communications services shall be just and reasonable.

Although plaintiff does not expressly allege the unreasonableness of a rate or tariff of the defendants, he is in effect chal-

lenging the justice and reasonableness of a particular practice: the defendants' alleged procedures concerning disclosure of their billing practices. The Federal Communications Act of 1934, which sets forth a comprehensive scheme of federal law governing charges, practices, duties and liabilities of interstate telecommunications carriers in connection with a carrier's provision of interstate long distance service to its customers, would surely be thwarted if the Federal Communications Commission, the primary enforcement agency under the Act, is vulnerable to contradictions and inconsistent adjudications in the courts of the fifty states. Not only the Commission, but also the statute it was created to enforce, would very shortly be rendered inoperative if the semantics of a complaint are permitted to outweigh its sense and produce such a result.

Moreover, to permit plaintiff to take his case back to the California state court now would provoke a multitude of state class actions on this very issue, each materially indistinguishable from the consolidated actions now before this court, in innumerable state fora against the same defendants. Inconsistent rulings and impossibility of compliance would soon follow. To permit the possibility that defendants herein would be required to provide long distance service under differing sets of rules in different states would be to ignore Congress' recognition in the Communications Act of the need for comprehensive regulations as well as the practical difficulties inherent in state-by-state regulation of such an industry. The ultimate and inevitable losers in such a process would be the consumers which plaintiff seeks to represent.

Under *Garibaldi v. Lucky Food Stores*, 726 F.2d 1367 (9th Cir.1984), a removing court may examine the true nature of plaintiff's complaint when it is charged by the removing party that plaintiff has attempted to avoid a federal cause of action by relying solely on state law. This rule, known as the "artful pleading doctrine," ensures that a party may not defeat removal by refusing to plead necessary federal questions in a complaint.

Although this court certainly is not straining to transmute run-of-the-mill state law claims into federal questions, it is clear here that plaintiff, under the sheep's clothing of California law, is seeking to attack defendants' disclosure practices concerning their billing procedures. Those allegations are at the very heart of the multidistrict litigation which has been consolidated before the court, and which is governed by 47 U.S.C. § 201(b).

Both the injunctive relief and the damages sought by plaintiff are available under governing federal law. 47 U.S.C. §§ 205–207 (1962). The savings clause, contained at 47 U.S.C. § 414, is inapplicable here, as plaintiff's complaint effectively challenges practices expressly and exclusively regulated by the Federal Communications Act in 47 U.S.C. § 201.

It is noteworthy that the Federal Communications Commission has recently acknowledged its jurisdiction of questions concerning a carrier's duty to inform and disclose as among its statutorily described responsibilities for regulating the practices of a common carrier of telephone services. *Bill Correctors, Ltd. v. MCI*, (—— FCC ——, 11/8/84). In this administrative proceeding, now pending before the FCC, the Commission is moving under §§ 201(b), 202(a) and 209 of the Communications Act to examine "the method by which carriers should notify customers of the possibility of erroneous charges for short calls and of their refund policies therefore." FCC has also ordered all of the defendants involved in that proceeding to file, for examination purposes, a description of the notification methods employed to advise customers of potential billing errors and refund policies.

For the foregoing reasons, plaintiff's motion to remand this case to the California state court system must be and hereby is denied.

IT IS SO ORDERED.