### In re LONG DISTANCE TELECOMMUNICATIONS LITIGATION.

**Marshal SANDLER, Plaintiff,**

v.

**GTE SPRINT COMMUNICATIONS, Defendant.**

Civ. A. No. 85 72822.

United States District Court, E.D. Michigan, S.D.

Nov. 27, 1985.

Henry Kantor, Delo, Kantor & Stamm, Portland, Or., for plaintiff.

Richard Gray, Jenner & Block, Chicago, Ill., for defendant.

Fay Clayton, Sachnoff Weaver & Rubernstein, Ltd., Chicago, Ill., for plaintiffs in multi-district litigation.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

This class action alleges breach of contract and unjust enrichment, pursuant to the common law of the State of Oregon, and violation of Oregon state statutes regulating trade practices in advertising. Plaintiffs allege that GTE Sprint Communications (GTE) published an advertisement in Oregon which proclaimed that GTE would save money for its subscribers on every long distance call.

Plaintiffs contend that GTE failed to disclose in its advertising that subscribers would be charged for each call regardless of whether the call was completed. Many Oregonians subscribed to GTE and were, because of this charging practice, charged more than the Bell System would have charged for the same services. Plaintiffs allege that this conduct was violative of Oregon's fair advertising laws and a breach of GTE's agreement with its subscribers which resulted in GTE's unjust enrichment.

The case was initially filed in the Circuit Court of the State of Oregon for Multonamah. It was then removed by defendant to a United States District Court pursuant to 28 U.S.C. § 1441 which permits removal of any action based on a claim or right arising under federal law. It was thereafter transferred to this court by the Panel for Multidistrict Litigation. The matter is presently before this court on plaintiff's motion to remand the case to the state court. For reasons stated in this opinion, plaintiffs' motion is denied.

The case was assigned to this court pursuant to 28 U.S.C. § 1407(a) which provides in part that:

> when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.

On August 14, 1984, the Multidistrict Panel, exercising its authority under that statute, determined that there were several

actions in several U.S. District Courts across the country, which involved common questions pertaining to billing and advertising practices in the long distance telecommunications industry. The Panel wrote in its order transferring those actions to this court that centralization of the actions under section 1407 "will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." This court has since served as transferee court for those proceedings, as well as for the numerous others subsequently filed.

In disposition of the first two cases concerning improper billing disclosure practices, this court deferred to the primary jurisdiction of the Federal Communications Commission and dismissed the complaints. *See Control Electronics v. Southern Pacific Communications Co.*, Civil No. 83–1010 (5/24/84) (Taylor, J.); *Retail Recruiters of N.Y., Inc., v. MCI Telecommunications Corp.*, Civil No. 83–8048 (5/24/84) (Taylor, J.). Since that time, this court has resolved twelve other cases in the same manner. The instant case is one of five "tag-along" cases which subsequently have been transferred to this court. All of these cases, including plaintiffs' case, are substantially similar factually and raise the same issues under federal law.

Plaintiffs argue that their motion to remand must be granted because this court lacks subject matter and diversity jurisdiction. GTE's argument against remand is that removal was proper as the action necessarily arises under and must be governed by the Federal Communications Act of 1934, 47 U.S.C. § 151 et seq. (1962), (the Act) and diversity of citizenship. Plaintiffs further argue that GTE's assertion of diversity jurisdiction on grounds that GTE is a Delaware corporation and all the class members are from Oregon is incorrect because the jurisdictional amount-requirement of $10,000.00 is not satisfied by each individual plaintiff as required by 28 U.S.C. § 1332(a). In this action, plaintiffs claim, each plaintiff claims only $3,000.00 at a maximum, in damages.

This court does not have diversity jurisdiction over this matter. In a class action, separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. Each plaintiff must individually satisfy this prerequisite. The prayer for relief by these plaintiffs does not conform to the jurisdictional amount needed in order for a federal district court to retain jurisdiction. *Zahn v. International Paper Co.*, 414 U.S. 291, 293–94, 94 S.Ct. 505, 507–08, 38 L.Ed.2d 511 (1973); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789–90 (9th Cir.1977).

A suit is removable, however, under 28 U.S.C. § 1441(a) if it could have originally been filed in a federal forum. *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n.*, 656 F.2d 1364, 1365 (9th Cir. 1981). As there is no diversity jurisdiction, this court may only exercise federal question jurisdiction over this case. GTE has met its burden of establishing federal jurisdiction as a basis for removal that is evident from the face of plaintiffs' complaint. *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1426 (9th Cir.1984). Although plaintiffs vehemently protest that they have phrased their complaint wholly in terms of Oregon contract law, unjust enrichment and violations of Oregon's Unlawful Trade Practices Act, 646.-608(1) and (2), 646.636 and 646.638(1), the court finds that plaintiffs' state law claims have been totally preempted by the federal law which regulates the charges and practices of common carriers such as that complained of in this lawsuit.

Recently, in *Lazar v. MCI Communications,* 598 F.Supp. 951 (E.D.Mich.1984), this court decided whether a California class action filed in a California state court must be remanded to that court unless federal law preempted claims which purported to be based solely upon state law. Defendant had removed the action claiming MCI's alleged fraud and deceit, negligent misrepresentation and unlawful, unfair and/or fraudulent business practices (under California law) to the district court, arguing

that plaintiffs' claims all derived from the federal Act. *Lazar* was one of the several cases which had been transferred to this court by the Panel. Like the plaintiffs in the case at bar, *Lazar* plaintiffs alleged, under California law, that they were being charged wrongfully for incompleted long distance calls without notice. They challenged the removal to a federal court.

This court found that the factual allegations of the *Lazar* complaint were "materially indistinguishable" from other cases comprising the federal multidistrict litigation that was before this court. The parties in *Lazar* made the same arguments as the parties in the instant case have presented. In *Lazar*, as here, plaintiffs alleged that they had not made allegations under the Act and that their state law claims could not be preempted as defendant alleged.

In *Lazar*, this court held that plaintiffs' alleged state law claims were preempted by the Act which states at section 201(b) that "all charges, practices, classifications and regulations for and in connection with a carrier's communications service shall be just and reasonable." In these cases, the plaintiffs are challenging unjust and unreasonable tariffs by interstate telecommunication carriers. *Ivy Broadcasting v. American Telegraph and Telephone Co.*, 391 F.2d 486 (2d Cir.1968), is cited in the *Lazar* opinion. *Ivy Broadcasting* held that the federal interest in curtailing AT & T's alleged negligent operation of its lines and discriminatory billing was so great that the cases must be controlled by federal law: "questions concerning the duties, charges and liabilities of telegraph or telephone companies with respect to interstate communications service are to be governed solely by federal law ... the states are precluded from acting in this area." *Id.* at 491.

The court holds, as it did in *Lazar*, that the claims made by plaintiffs in this case are preempted by federal law. GTE provides interstate communications services for a vast network of customers across this country. "[T]he federal statutory scheme for the regulation of interstate communications service indicates a congressional policy requiring that the duties and liabilities under contracts for the provision of such service be determined according to federal rules in order to assure uniformity of rates and service." *Ivy Broadcasting*, 391 F.2d at 490. There is a compelling need for consistency of determinations regarding matters concerning this service which will have impact upon the service and charges to millions of telephone customers across America. The practices of such common carriers must be governed by uniform standards and penalties for failure to comply with the standards. *Id.* at 491.

Plaintiffs and GTE agree that *Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir. 1984), is controlling, but they disagree on the application of the holding. In *Hunter*, plaintiffs filed claims under the Carmack Amendment, 49 U.S.C. § 11707 (Supp. V. 1981), and state law claims of fraud, bad faith, and intentional infliction of emotional distress. Plaintiffs contested defendant's removal to the federal court on grounds that the Amendment claims preempted the state claims. Plaintiffs appealed the district court's denial of the motion to remand.

The Court of Appeals for the Ninth Circuit reversed and remanded the case based on its finding that the federal court did not have jurisdiction. The Court of Appeals followed *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir.1984), and ruled that "a state-law claim may be recharacterized as a federal claim only when the state-law claim is preempted by federal law *and* when it is apparent from a review of the complaint that federal law provides plaintiff a cause of action to remedy the wrong he asserts he suffered." *Hunter*, 746 F.2d at 642–43. The court states that there was a lack of jurisdiction based on preemption because the case did not arise under federal law as no federal question appeared on the face of the complaint. It also found jurisdiction lacking under the principle of "artful pleading" because no federal action existed. The court finds that the *Hunter*

decision is not inconsistent with the *Lazar* holding and the holding in this case.

In this case plaintiffs also assert that the savings clause in the Act, 47 U.S.C. § 414 (1962), preserves the state law claims alleged in his complaint. But all state law claims are not preserved by that section of the Act. Plaintiff relies upon *Clothesrigger, Inc. v. GTE Corp.*, No. 84–0598–S(M) (6/20/84) (Schwartz, J.). In *Clothesrigger*, Judge Schwartz granted the motion to remand in a class action against GTE for intentional and negligent misrepresentation and unfair advertising. The court found that the claim involved failure to disclose based upon the state law. The court stated that the action did not involve quality of telephone services, *improper rate changes* or misuse of regulations that would bring it *within the ambit of a federal claim*. So *Clothesrigger* also supports our holding.

Ordinarily, a preempted claim is not removable; but, the "artful pleading" doctrine is a basis for establishing federal jurisdiction after a perusal of the true nature of the complaint when there is a likelihood that plaintiff might have attempted to avoid bringing a federal claim by relying solely on state law. *Garibaldi*, 726 F.2d at 1370.

In support of their motion to remand, the plaintiffs allege that they did not engage in "artful pleading" to avoid alleging a federal claim and that all three claims made by them are solely state law claims. But the fact that Oregon law might also be available to the resolution of this case is of no moment. "It is not peculiar for a federal judge to be faced with applying law of a state other than the one wherein his or her district is located, and thus the presence of foreign state law in multi-district litigation is of no particular consequence." *In re R.H. Robins Co., Inc.*, 438 F.Supp. 942, 943 (Jud.Pan.Mult.Lit.1977).

After a review of plaintiffs' complaint, the court must find that plaintiffs have cloaked a federal claim with the elements of state claims. Plaintiffs have stated repeatedly that they raise issues of state law only in their complaint. However, the is-sues raised are those raised in other cases that are and have been before this court during the pendency of this multidistrict litigation, all of which must be resolved by applicable federal communications law. The claims made by plaintiffs have a "sufficient federal character to support removal." *Salveson*, 731 F.2d at 1429. The gravamen of plaintiffs' claim is improper charging and billing practices by a common carrier whose practices are governed absolutely by federal law.

The *Hunter* court further ruled that removal is not appropriate even if there is preemption unless federal law affords plaintiff a remedy. 746 F.2d at 642. Plaintiffs argue that the remedy provided by the Act will not satisfy the relief plaintiffs seek in this case. Plaintiffs have requested an accounting, restitution, prejudgment interest and punitive damages. Plaintiffs claim that if their claims are recharacterized as federal claims they will be unable to obtain this relief. The court holds, as it held in *Lazar*, that the Act does provide an adequate remedy for plaintiffs in sections 202–07.

IT IS HEREBY ORDERED that removal was proper and that plaintiffs' motion to remand is denied.

IT IS SO ORDERED.