In re LONG DISTANCE TELECOMMUNICATION LITIGATION.

Roger LEE and Lani Lee, Plaintiffs,

v.

WESTERN UNION TELEGRAPH COMPANY, and Western Union Corporation, Defendants.

Lewis H. MARKOWITZ, Plaintiff,

v.

MCI TELECOMMUNICATION CORPORATION, Defendant.

Marshall SANDLER, Plaintiff,

v.

GTE SPRINT COMMUNICATIONS CORPORATION, Defendant.

Herbert C. SCHULZE, Plaintiff,

v.

GTE SPRINT COMMUNICATIONS CORPORATION, Defendant.

CLASSIC MOTOR CARRIAGES, Plaintiff,

v.

GTE SPRINT COMMUNICATIONS CORPORATION, Defendant.

No. MDL 598.
Civ. A. Nos. 85–73365, 85–71530, 85–72822 and 85–74279.
Civ. No. 85–74104.

United States District Court, E.D. Michigan, S.D.

June 2, 1986.

Richard Gray, Jenner & Block, Chicago, Ill., lead counsel for defendants.

Fay Clayton, Sachnoff, Weaver & Rubernstein, Ltd., Chicago, Ill., lead counsel for plaintiffs.

Henry Kantor, Delo, Kantor & Stamm, Portland, Or., for Sandler.

William Sussman, New York City, for GTE Sprint Communications Corp., in Civ. A. No. 85–72822.

Howard J. Sedran, Arnold Levin, Philadelphia, Pa., for Markowitz.

Mark Anderson, San Francisco, Cal., for Lee.

Robert Chilvers, Brobeck, Phleger & Harrison, San Francisco, Cal., for Western Union Corp.

Maureen Burke, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for Western Union Telegraph.

Jami Wintz McKeon, Philadelphia, Pa., for MCI Telecommunication Corp.

Daniel F. Solomon, Miami, Fla., for Classic Motor Carriages.

Gerald Ward, Miami, Fla., for GTE Sprint Communications Corp. in Civ. No. 85–74104.

John Theodore Dean, Corona, Cal., for Schulze.

Craig D. Dingwall, Burlingame, Cal., for GTE Sprint Communications Corp. in Civ. A. No. 85–74279.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

The five cases herein discussed constitute "tag-along" cases which have been transferred to this court subsequent to the initial assignment here of Multidistrict Litigation No. 598. Class actions have been filed against certain interstate long distance telecommunication carriers in numerous states. The Judicial Panel on Multidistrict Litigation has assigned all matters involving common questions of fact to this court. The allegations against defendants in each suit are of charging customers for incompleted long distance calls; billing for the time period between call placement and completion and failing to disclose these practices to customers. The transfer of these cases to this court was made pursuant to 28 U.S.C. § 1407(a).

This court's jurisdiction is based upon the Federal Communications Act of 1934, 47 U.S.C. §§ 201(b), 203(c) and 207 (1962), and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 (Supp.1984).

In accordance with this court's scheduling order, defendants have filed a consolidated motion to dismiss the above-captioned "tag-along" cases. Both defendants and plaintiffs have incorporated arguments previously made in the prior multidistrict cases of which this court has already disposed. Accordingly, this court hereby adopts the opinion which it promulgated in *In re Long Distance Telecommunications Litigation*, 612 F.Supp. 892 (E.D.Mich. 1985), to the extent of the matters, discussed therein.

## COMMUNICATIONS ACT CLAIMS

Several plaintiffs have alleged that defendants' unlawful practices are violative of sections 201(b), 203(c) and 207 of the Communications Act.

### Section 201(b)

Plaintiffs Sandler, Schulze and Classic Motors have alleged that defendants' conduct is a violation of section 201(b). Section 201(b) states in pertinent part that "[a]ll charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust, or unreasonable is declared to be unlawful."

This court has dismissed twelve other cases in which plaintiffs asserted that defendants' billing practices are unreasonable and thus violative of section 201(b). The court determined that the issue of "reasonableness" of tariffs must properly be determined by the Federal Communications Commission (FCC), the expert regulatory agency on affairs relating to the telecommunication carriers. 612 F.Supp. at 899. The FCC may exercise its administrative discretion and is better equipped than any one court to resolve matters concerning the total scheme of regulation of such carriers. The FCC is already, at present, considering the issues raised by plaintiffs in these cases. So this court must defer to the Commission for resolution of this issue. Section 201(b) claims alleged by plaintiffs are accordingly dismissed and referred to the FCC.

### Section 203

In addition to other claims, plaintiff Markowitz has asserted a section 203 claim against defendants. That section provides:

(c) No carrier, unless otherwise provided by or under authority of this chapter, shall engage or participate in such communication unless schedules have been filed and published in accordance with the provisions of this chapter and with the regulations made thereunder; and no carrier shall (1) charge, demand, collect, or receive a greater or less or different compensation for such communication, or for any service in connection therewith, between the points named in any such schedule than the charges specified in the schedule then in effect,...

The *Markowitz* plaintiffs claim that defendants have unjustly and unreasonably overcharged, and demanded fees in excess of those listed in the FCC schedule of charges as required by section 203(a). Section 203(a) mandates that each common carrier must file schedules of charges and the "classifications, practices, and regulations affecting such charges." Plaintiffs aver that charges for incompleted calls time billed and/for calls before completion do not appear in the tariff which defendants filed before the Commission.

Defendants respond that this claim should be dismissed because the FCC has held that defendant MCI's practices do not violate section 203. Plaintiffs in *Bill Correctors, Ltd. v. United States Transmission Sys., Inc.*, No. E–84–6 (FCC 1984), made an argument identical to the one made by plaintiffs in the *Markowitz* case.

The FCC therein ruled that non-dominant resale carriers and specialized common

carriers, i.e., MCI and GTE Sprint, defendants in the instant cases, are no longer required to file tariffs under section 203 and that failure to designate charges for incompleted calls or holding time in tariffs was not a violation of that statute. Both MCI and GTE Sprint explained to the Commission that they relied upon mechanical monitoring systems and timing devices which were sensitive to certain frequencies. Occasionally, these systems caused customers to be billed for incompleted calls or holding time. The carriers also assured the Commission that measures had been taken to avoid such errors and that customers who notified the carriers of erroneous billings were given adjustments or refunds. Therefore, the Commission found that no complaint would lie as to these defendants. The Commission did, however, order each carrier to file a description of its method of notifying its customers of potential billing errors and its refund policies.

■ This court must follow the *Bill Correctors* decision inasmuch as it is an interpretation of the Communications Act by the FCC. This court must, however, dismiss the claim under the doctrine of primary jurisdiction, as this claim also involves a determination of the adequacy and reasonableness of a charge, a question which should clearly be decided only by the Commission.

### STATE LAW CLAIMS

■ Plaintiffs in *Markowitz, Schulze* and *Classic Motor Carriages* have alleged state law theories of fraud, breach of contract, accounting, negligence, misrepresentation, and violations of specific state statutes concerning improper charging practices. This court ruled in *Sandler v. GTE Sprint Communications*, 622 F.Supp. 282 (E.D.Mich.1985), that all state claims are preempted by the Communications Act as "[t]he gravamen of plaintiffs' claim is improper charging and billing practices by a common carrier whose practices are governed by federal law." *Id.* at 286.

This court cannot permit these issues to be decided on a state-by-state basis because to do so would be contrary to Congress' intent "to occupy the field to the exclusion of state law." *Ivy Broadcasting Co. v. American Tel. & Tel. Co.*, 391 F.2d 486, 490 (2d Cir.1968). *Accord Lazar v. MCI Telecommunications Corp.*, 598 F.Supp. 951, 954 (E.D.Mich.1984). Those claims must be dismissed.

### FEDERAL COMMON LAW CLAIMS

■ Plaintiffs Roger and Lani Lee have alleged federal common law theories of fraud, breach of contract and conversion. These claims were also made by plaintiffs in the preceding multidistrict litigation. The court holds, as it did then, that such allegedly common law claims "may not override the preemptive scheme of federal law outlined in [the Communications Act]." 612 F.Supp. at 900. The Communications Act encompasses regulation of the very conduct which the Lees challenge in their federal common law claims. This court will not usurp that power.

### RICO CLAIM

■ The *Lee* plaintiffs have also included a RICO claim in their complaint. They accuse Western Union Telegraph's directors, officers, agents and employees of using the wires to illegally charge the class for such calls. Plaintiffs further allege that the income derived from this illegal enterprise was used by defendants. As this court recently held, this claim must also be dismissed:

> Because the central issue here is whether the defendants' conduct complained of is 'reasonable' under federal communications law, and because the FCC must first make the determination before any 'injury,' 'crime' or 'liability' on the part of defendants can be established, it would be inappropriate for this court to attempt to adjudicate plaintiffs' RICO claim before such a determination has been made.

*Id.*

### RES JUDICATA

Western Union contends that section 201(b) and 207 causes of action in the *Lee*

complaint should be dismissed on grounds of *res judicata*. First, section 207 provides the remedy for violations of the Communications Act. As this court has previously ruled, that section alone does not provide a basis for an actionable offense. *Id.* at 899.

On March 23, 1984, the Lees filed a class action complaint alleging failure to disclose extra charges in violation of sections 201(b), 203(c) and 207 of the Communications Act, and unfair business practices and false and misleading advertising under California statutes. That action was dismissed by the United States District Court on August 3, 1984. Judge Thelton Henderson held that the state claims were dismissed with prejudice under the doctrine of primary jurisdiction to be reinstated after the FCC addressed the question. An appeal to the United States Court of Appeals for the Ninth Circuit was voluntarily dismissed.

The complaint upon which the action before this court is based was filed in the Northern District of California on December 6, 1984. Defendants argue that the allegations made in the first *Lee* case was "virtually" identical to those made in the case before this court.

After the second complaint was filed, plaintiffs filed a Notice of a Related Case which referred to the FCC's decision in *Bill Correctors*. Plaintiffs stated that *Bill Correctors* was a predicate for filing the second action because the FCC had expressed its views on the issues Judge Henderson had referred to the Commission. Defendants disagree. They assert that the *Bill Correctors* decision does not satisfy the precondition in Judge Henderson's order; and, the FCC has not ruled on the issue in the first *Lee* case. Defendants cite *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842 (9th Cir.1979), in which a very similar factual situation occurred. The *Segal* court held:

> The 1964 judgment prevented relitigation of the subject matter jurisdiction issue in a subsequent suit so long as the precondition to federal court jurisdiction remained satisfied.

> .    .    .    .    .

> Dismissing rather than staying an action within the primary jurisdiction of an administrative agency was not intended to end litigation between the parties; rather, the intent was to permit the litigation to continue in another forum withholding federal jurisdiction to clean up the leftovers, if any.

*Id.* at 845–46.

■ Plaintiffs contend that Judge Henderson's decision did not require the FCC to deal with the issue in the *Lee* case specifically, but to deal with the issue in general as it did in *Bill Correctors*. This is not an accurate reading of Judge Henderson's order. Judge Henderson expressly states that "the doctrine of primary jurisdiction calls for reference of the plaintiffs' federal statutory claim to the Federal Communications Commission. *Lee v. Western Union*, No. C 84–1472 TEH (N.D.Cal. 8/3/84) (Henderson, J.). Therefore, plaintiffs' 201(b) and 207 claims must be dismissed. It is noteworthy that the decision made by Judge Henderson is not inconsistent with the decision which this court has made as to other plaintiffs who have raised similar issues in their complaints.

IT IS HEREBY ORDERED that defendants' motion to dismiss is granted.

IT IS FURTHER ORDERED that the above-captioned cases are referred to the Federal Communications Commission for further consideration and disposition.

IT IS SO ORDERED.