**In re LONG DISTANCE TELECOMMUNICATIONS LITIGATION.**

**Sam SOLOMON, Plaintiff,**

v.

**MCI TELECOMMUNICATIONS CORPORATION and GTE Sprint Communications Corporation, Defendants.**

No. MDL 598.
Civ. No. 86 71767.

United States District Court,
E.D. Michigan, S.D.

July 29, 1986.

---

Richard Gray, for defendants Jenner & Block, Chicago, Ill., for defendants.

Fay Clayton, Schnoff Weaver & Rubernstein, LTD., Chicago, Ill., Larry Drury, Chicago, Ill., for plaintiff.

Howard Kristol, New York City, for GTE Sprint.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

This is a class action which was filed in an Illinois state court claiming breach of contract and fraud and requesting an accounting as well as injunctive relief against MCI Telecommunications Corporation (MCI) and GTE Sprint Communications Corporation (Sprint). This court has removal jurisdiction pursuant to 28 U.S.C. § 1441(b) (1973), and 47 U.S.C. § 151, *et seq.* (1962), the Federal Communications Act of 1934.

The corporate defendants provide long distance telecommunications services to the public, nationwide. They utilize the United States mail and the media to advertise and contract for their services. Plaintiff, a resident of Skokie, Illinois, entered into contracts with defendants which he contends represented that charges would be made to his account only for calls completed by an answer at the number called. Contrary to the alleged agreements, MCI has charged plaintiff for a call on the basis of certain programmed sounds which activated the billing system and Sprint has charged plaintiff for a call based upon the number of times the destination telephone rang. Those charges were made, allegedly, regardless of whether the calls were ever actually completed and without notice to the customer of the practice. Plaintiff alleges that defendants intentionally conducted a deceitful and fraudulent concealment of this charging practice. Plaintiff further alleges that defendants' fraudulent acts have resulted in their unjust enrichment and that they have ignored plaintiff's request for a refund.

Plaintiff filed this complaint in the Circuit Court of Cook County, Illinois. In addition to the breach of contract and fraud claims, plaintiff alleges that defendants' misconduct constitutes unfair competition and unfair conduct of trade or commerce in violation of the Illinois Consumer Fraud and Deceptive Practices Act, Ill.Rev. Stat. ch. 121½, § 262, and the Illinois Uniform Deceptive Trade Practices Act, Ill. Rev.Stat. ch. 121½, § 2 (12).

Plaintiff seeks an accounting and refund of all illegal charges, a declaratory judgment, and an injunction ordering the defendants to refrain from charging, collecting and retaining funds from incompleted calls, and damages.

On defendants' petition, the matter was removed to the United States District Court for the Northern District of Illinois on the basis of that court's federal question jurisdiction. 28 U.S.C. 1441. Plaintiff has filed a motion for remand to the Circuit Court.

In the interim, the Judicial Panel on Multidistrict Litigation transferred the case to this district pursuant to the provision of 28 U.S.C. § 1407(a) (1968), that civil actions

involving common factual questions but pending in several judicial districts may be transferred to one district for consolidated pretrial proceedings. Several cases involving common questions of fact concerning the alleged unlawful billing, advertising and disclosure practices of these defendants have been filed throughout the United States and previously have been transferred to this court for pretrial proceedings. Ultimately, those cases have been dismissed in deference to the jurisdiction of the United States Federal Communications Commission over the substantive questions presented.

Plaintiff requests an order of remand to the Illinois Circuit Court because his complaint, on its face, presents only state claims. He argues that the federal question presented must be an essential and substantial element of the complaint, on its face, to establish federal jurisdiction. *See, e.g., Urban Renewal Auth. of City of Trinidad, Colo. v. Daugherty,* 271 F.Supp. 729 (D.C.Colo.1967).

Defendants' responsive arguments are very similar. They each argue that pursuant to the "artful pleading" doctrine, plaintiff's alleged state law claims are in actuality a course of action viable only under and pre-empted by the Communications Act; and, that the federal statute provides a complete remedy for plaintiff. Alternatively, defendants argue that this court has jurisdiction pursuant to federal common law.

To determine whether the true nature of plaintiff's claims is federal, notwithstanding any labels affixed, the court must examine the complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Defendants assert that a close reading of plaintiff's complaint requires the finding that plaintiff has attempted to disguise his federal claim in Illinois state law.

It is apparent that plaintiff does contest Sprint's and MCI's charging practices. The language of the Communications Act indicates that it was intended to govern the actions of "all interstate and foreign communications by wire and radio ... and all persons engaged within the United States in such communication ..." 47 U.S.C. § 152(a)(1964). Congress' stated objective at section 151 of the Act is to provide "a rapid, efficient, nationwide and worldwide wire and radio communications service with adequate facilities at reasonable charges ..." These sections of the Act give the Commission "broad responsibilities" to regulate interstate communications. *United States v. Southwestern Cable Co.,* 392 U.S. 157, 177–78, 88 S.Ct. 1994, 2005, 20 L.Ed.2d 1001 (1968).

Plaintiff alleges that the defendants have billed him, and numerous other members of the class, for incompleted calls. This conduct is expressly prohibited by section 201(b) of the Act: "[a]ll charges, practices, classifications, and regulations for and in connection with a carrier's communications services shall be just and reasonable."

The Court of Appeals for the Ninth Circuit has held that the court may even look beyond the complaint to discover facts which would appear in the complaint if it had been well pleaded. *Olquin v. Inspiration Consolidated Copper Co.,* 740 F.2d 1468, 1473 (9th Cir.1984). But it is evident from this plaintiff's complaint itself that he is alleging a federal cause of action.

MCI has cited other cases in which the plaintiffs had attempted, unsuccessfully to camouflage their federal law claims with accusations of state law violations. Indeed, this court has already decided that complaints resembling this one, which were based on alleged state law violations, were pre-empted by the Communications Act and properly removed to the federal court. *Lazar v. MCI Communications Corp.,* 598 F.Supp. 951 (E.D.Mich.1984), *Sandler v. GTE Sprint Communications Corp.,* 622 F.Supp. 282 (E.D.Mich.1985). The motion to remand was denied in each instance because the court found that the plaintiffs had couched their complaints, which were essentially federal law claims, in artfully pleaded state law disguises.

The Communications Act does pre-empt plaintiff Solomon's state law claims and it affords plaintiff a remedy. Whenever a plaintiff's state law claims are pre-empted by federal law and that federal law also provides a complete remedy for plaintiff, removal is proper and the federal court may recharacterize plaintiff's allegations as federal under the "artful pleading doctrine." *Reid v. United States,* 715 F.2d 1148, 1153 (7th Cir.1983).

The courts have recognized the significance of uniform federal jurisdiction over matters concerning regulation of interstate telecommunications, and the necessary preemption of state law. State regulation or interference is disfavored: "The Act must be construed in light of the needs for comprehensive regulation and the practical difficulties inhering in state by state regulation of parts of an organic whole." *General Tele. Co. of Cal. v. FCC,* 413 F.2d 390, 398 (D.C.Cir.), *cert. denied,* 396 U.S. 888, 90 S.Ct. 173, 24 L.Ed.2d 163 (1969). *Accord, Lazar,* 598 F.Supp. at 954.

The Judicial Panel on Multidistrict Litigation is also cognizant of the need for uniformity in this field. The Panel has decided that consolidation of the proceedings in these lawsuits will "promote the just and efficient conduct of the litigation." Accordingly, the Panel has designated one district court judge to resolve the preliminary disputes in respect to the common carriers' billing practices.

In addition, the FCC has acknowledged its responsibility and authority to regulate the conduct of telecommunications services. This power was delegated to the FCC by Congress in 47 C.F.R. § 0.291 (1985). In five complaints which were filed with the FCC in late 1984, the plaintiffs complained that MCI was illegally charging its customers for incomplete calls. The FCC ruled *inter alia* that it had the expertise to decide controversies concerning the carriers' charging practices. *In re Bill Correctors,* Nos. E–84–6, E–84–11, E–84–12, E–84–13, E–84–18 (FCC 11/8/84).

When Congress manifests an intent to occupy a field, state law will be pre-empted and federal law will prevail to the preclusion of state law. *Capital Cities Cable, Inc. v. Crisp,* 467 U.S. 691, 104 S.Ct. 2694, 2700, 81 L.Ed.2d 580 (1984). Plaintiff argues that such a blanket acceptance of an agency's attempt to promulgate comprehensive regulation would be inconsistent with the Supremacy Clause, U.S. Const., Art. VI, cl. 2. Plaintiff contends that if Congress had intended to make its regulation of interstate communications exclusive, a provision concerning pre-emption would have been incorporated into the Act. *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.,* 471 U.S. 707,105 S.Ct. 2371, 85 L.Ed.2d 714 (1985), is cited by plaintiff. Plaintiff quotes a portion of that opinion to the effect that the court should assume that " 'the historic police powers of the States were not to be superseded by the federal act unless that was the clear and manifest purpose of Congress.' " (citation omitted). *Id.* at 2376. But the Supreme Court also held that "[i]n the absence of express pre-emptive language, Congress' intent to preempt all state law in a particular area may be inferred where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation." *Id.* at 2375. The court further found that "[p]re-emption of a whole field also will be inferred where the field is one in which 'the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.' " *Id.* The *Hillsborough* opinion, accordingly, adds support to defendants' arguments. The Supreme Court recognized the Congressional intent to occupy the field of interstate communications regulation almost thirty years ago in a 1957 opinion, *Benanti v. United States,* 355 U.S. 96, 104, 78 S.Ct. 155, 159, 2 L.Ed.2d 126 (1957). That opinion has not been overruled.

Even Illinois courts have held that complaints for improper charges and disclosures against these carriers pursuant to state law are pre-empted by the Act. *Dis-*

count Den, Inc. v. Allnet Communications Serv., Inc., No. 84 CH 1059 (Cir.Ct. Ill.1984) (Curry, J.). The Second Circuit Court of Appeals has agreed that states are precluded from acting in this area:

> questions concerning the duties, charges and liabilities of telegraph or telephone companies with respect to an interstate communications service are to be governed solely by federal law and that the states are precluded from acting in this area ...

> It seems reasonable that the congressional purpose of uniformity and equality of rates should be taken to imply uniformity and equality of service ...

*Ivy Broadcasting Co. v. American Tel. & Tel. Co.*, 391 F.2d 486, 491 (2d Cir.1968).

The Communications Act does incorporate a remedy for those who are injured as a result of a common carrier's violations of the Act. Section 206 provides that the carrier shall be liable for "the full amount of damages sustained in consequence of any violation [of the Act], together with a reasonable counsel or attorney's fee, to be fixed by the court ..." Any person claiming to be damaged by such a violation may present a complaint for damages to the Commission or any United States district court of competent jurisdiction. 47 U.S.C. § 207. Pursuant to the aforementioned statutes, this court may grant relief plaintiff seeks in this case—an accounting, costs and attorney's fees, punitive and actual damages, and a refund of all illegal charges. Moreover, the Commission may set the reasonable charge and determine the practice which the carrier is required to follow in the future. 47 U.S.C. § 205(a).

This court will not permit plaintiff to avoid federal jurisdiction or disrupt a nationwide regulatory scheme, authorized by Congress, by presenting perfunctory state law claims. The Commission, the United States Supreme Court, and several district courts have acknowledged the broad and exclusive federal authority to adjudicate disputes concerning common carriers' billing practices. The case was properly removed to the United States District Court for the Northern District of Illinois, and later transferred to this court, as the complaint presents a federal question.

IT IS HEREBY ORDERED that plaintiff's motion to remand is denied.

IT IS SO ORDERED.