See also, D.C., 639 F.Supp. 305.

In re LONG DISTANCE TELECOMMUNICATIONS LITIGATION.

Sam SOLOMON, Plaintiff,

v.

MCI TELECOMMUNICATIONS CORPORATION and GTE Sprint Communications Corporation, Defendants.

MDL No. 598.
Civ. A. No. 86–71767.

United States District Court,
E.D. Michigan, S.D.

Nov. 5, 1986.

Richard Gray, Jenner & Block, Chicago, Ill., for defendants.

Fay Clayton, Sachnoff Weaver & Rubernstein, Ltd., Chicago, Ill., for plaintiff.

MEMORANDUM OPINION
AND ORDER

ANNA DIGGS TAYLOR, District Judge.

This class action was filed in an Illinois state court against two providers of nationwide long distance telecommunications service, MCI Telecommunications Corporation (MCI) and GTE Sprint Communications Corporation (Sprint). The complaint alleges that defendants' practice of charging customers for incompleted long distance telephone calls and their intentional concealment of this practice constitute a breach of contract, fraud and violation of Illinois state law. Plaintiff seeks an accounting and refund of all illegal charges, a declaratory judgment, injunctive relief and damages.

On defendants' petition, the matter was removed to the United States District Court for the Northern District of Illinois on the basis of that court's federal question jurisdiction. 28 U.S.C. § 1441. Thereafter, the Judicial Panel on Multidistrict Litigation transferred the case to the Eastern District of Michigan pursuant to 28

U.S.C. § 1407(a) (1968) which provides that civil actions involving common factual questions but pending in several judicial districts may be transferred to one district for consolidated pretrial proceedings. Several cases involving common questions of fact concerning the alleged unlawful billing, advertising and disclosure practices of these and similar defendants which have been filed throughout the United States have previously been transferred to this court for pretrial proceedings.

On July 29, 1986 this court denied plaintiff's motion to remand the action to Illinois state court, finding that plaintiff's state law claims were pre-empted by the Federal Communications Act of 1934, 47 U.S.C. § 151 *et seq.* (1968). Specifically, the court found that all of the purportedly illegal conduct attributed to defendants in the complaint was expressly prohibited by § 201 of the Federal Communications Act and that plaintiff could not avoid federal jurisdiction by framing the complaint in state law terms. *Solomon v. MCI Telecommunications Corp.*, 640 F.Supp. 997 (E.D.Mich.1986).

The case is now before the court on defendants' motion to dismiss pursuant to the doctrine of primary jurisdiction. The court has previously dismissed seventeen similar lawsuits in deference to the Federal Communications Commission (FCC) under the doctrine of primary jurisdiction and finds such action appropriate in this case as well.

Section 201(b) of the Federal Communications Act states in pertinent part that "[a]ll charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust, or unreasonable is declared to be unlawful." This court has determined in its prior rulings that the issue of "reasonableness" of tariffs must properly be determined by the FCC, the expert regulatory agency on affairs relating to the telecommunications carriers. *In Re Long Distance Telecommunication Litigation*, 612 F.Supp. 892,

899 (E.D.Mich.1985); *In Re Long Distance Telecommunication Litigation*, 639 F.Supp. 305, 307 (E.D.Mich.1986). The FCC is better equipped than any one court to resolve matters concerning the total scheme of regulation of such carriers, has the authority to grant plaintiff all of the relief requested and is in fact, currently considering the issue raised by plaintiff in this case.

Plaintiff's response to the motion to dismiss, contending that this case does not allege violations of the Communications Act, but rather, sounds in breach of contract, fraud and Illinois statutory violations, is merely an attempt to relitigate his motion for remand. In that motion, plaintiff argued for remand to state court on the grounds that the complaint, on its face, presented only state claims. The court, however, has already disposed of this argument in its Memorandum Opinion and Order of July 29, 1986 by finding that pursuant to the "artful pleading" doctrine, plaintiff's self-characterized state claims in actuality constituted a cause of action only viable under and pre-empted by the Federal Communications Act. 640 F.Supp. at 999–1000.

The FCC, as the expert agency charged with the regulation of the long distance telephone market

> "is most familiar with the technical and policy issues governing defendants provision of long distance telephone services, and it can ... afford relief at the least equivalent to that sought by plaintiffs here. It is presently conducting related proceedings, and with full determinations on the merits of these cases, it may avoid the possibility of judicial dispositions inconsistent with overall industrial concerns and federal policy."

612 F.Supp. at 899.

For the foregoing reasons,

IT IS ORDERED that defendants' motion to dismiss is hereby granted and, consistent with this court's prior rulings, plaintiff's case is hereby referred to the Federal

Communications Commission pursuant to the doctrine of primary jurisdiction.

IT IS SO ORDERED.