**THERMALCRAFT, INC., Plaintiff,**

v.

**U.S. SPRINT COMMUNICATIONS COMPANY LIMITED PARTNERSHIP, et al., Defendants.**

**No. 91–4210–CV–C–9.**

United States District Court,
W.D. Missouri, C.D.

Dec. 4, 1991.

Daniel James Pingelton, Law Office of Daniel J. Pingelton, Columbia, Mo., for plaintiff.

Nancy Dixon, U.S. Sprint Communications Co., Kansas City, Mo., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

BARTLETT, District Judge.

Plaintiff asserts three claims against defendants based on their alleged failure to properly render long distance telephone service for which plaintiff had contracted: breach of contract, intentional misrepresentation and a state claim under Mo.Rev.Stat. § 392.200, .350 (1986 & Supp.1990).[1] Defendants have counterclaimed to recover

1. Plaintiff summarizes the merits of its claims on pages 2–4 of its Motion to Remand, Doc. 4.

amounts allegedly owed by plaintiff for long distance telephone service.

Defendants removed this action to this court pursuant to 28 U.S.C. § 1441 alleging that subject matter jurisdiction exists because plaintiff alleges claims arising under the Federal Communications Act (FCA), 47 U.S.C. §§ 201, *et seq.*

Plaintiff now moves to remand this case to the Circuit Court of Boone County, Missouri. Plaintiff argues that defendants' removal was improper because none of plaintiff's claims either expressly or ostensibly arise under the FCA. Plaintiff contends that its claims are based on state law and that the FCA does not preempt them. In addition, plaintiff argues that defendants improperly removed this case due to defendants' alleged failure to timely file their Answer and Counterclaim after removal.

Defendants concede that state law is applicable to plaintiff's claims to the extent they are based on intrastate telephone calls. However, defendants contend that the FCA preempts state law to the extent plaintiff's claims are based on interstate and international calls. Thus, defendants argue that removal was proper because plaintiff's claims regarding interstate or international calls arise under the FCA. Defendants also contend that their Answer and Counterclaim was filed timely.

### I. *Federal Subject Matter Jurisdiction Exists*

■ Defendants may properly remove this action to this court only if the case is within the original jurisdiction of this court. *See* 28 U.S.C. § 1441(a). Original jurisdiction may be based on 28 U.S.C. § 1331 (or another statute conferring original or exclusive jurisdiction in federal courts).

Section 1331 grants subject matter jurisdiction to a federal court when the lawsuit "arise[es] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

■ The question of whether a claim "arises under" federal law is determined according to the "well pleaded complaint" doctrine. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106

S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *Gully v. First Nat'l Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *Cablevision of Boston Ltd. Partnership v. Flynn,* 710 F.Supp. 23, 25 (D.Mass.1989). The "well pleaded complaint" doctrine teaches that the federal question upon which subject matter jurisdiction is based must be "disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully,* 299 U.S. at 113, 57 S.Ct. at 97; *Cablevision of Boston,* 710 F.Supp. at 25.

Furthermore, a plaintiff will not be allowed to "disguise an essentially federal claim by 'artful pleading to close off [a] defendant's right to a federal forum.'" *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981); *Cablevision of Boston,* 710 F.Supp. at 25; 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3722, at 564–66 (1976).

■ Defendants argue that plaintiff's claims "arise under" the FCA because the claims involve the provision of long distance telephone service. They argue that federal question jurisdiction exists over this action because under the FCA, U.S. Sprint is subject to federal regulation of its interstate and international telephone service. Defendants contend that the gravamen of plaintiff's claims "arise under" the FCA or are of such a nature to fall within the areas preempted by the FCA. They rely on *Ivy Broadcasting Co. v. American Telephone & Telegraph Co.,* 391 F.2d 486 (2d Cir.1968) and *Nordlicht v. New York Telephone Co.,* 617 F.Supp. 220 (S.D.N.Y.1985).

In *Ivy Broadcasting,* 391 F.2d at 488–89, the plaintiff contracted with the defendant telephone company to provide telecommunications service in connection with the broadcast of several radio programs. The telephone company allegedly provided inadequate service which ruined the broadcasts. Plaintiff sued asserting claims of negligence and breach of contract. The district court dismissed the action for lack of subject matter jurisdiction concluding that the claims arose under New York common law, not the FCA.

The Second Court of Appeals reversed. It acknowledged that none of the alleged acts were violations of specific provisions of the FCA. However, in considering whether Congress intended the FCA to preempt state law with regard to regulation of contracts involving communications carriers, the court held:

> [Q]uestions concerning the duties, charges and liabilities of telegraph or telephone companies with respect to interstate communications service are to be governed solely by federal law.... [T]he states are precluded from acting in this area. Where neither the Communications Act itself nor the tariffs filed pursuant to the Act deals with a particular question, the courts are to apply a uniform rule of federal common law.
>
> It seems reasonable that the congressional purpose of uniformity and equality of rates should be taken to imply uniformity and equality of service. The published tariff rate will not be uniform if the service for which a given rate is charged varies from state to state according to differing state requirements. It seems to us that the congressional purpose can be achieved only if a uniform federal law governs as to the standard of service which the carrier must provide and as to the extent of liability for failure to comply with such standards.

391 F.2d at 491. The court then held that subject matter jurisdiction existed. *Id.* at 493.

In *Nordlicht v. New York Telephone Co.*, 617 F.Supp. at 223, the plaintiff sued the defendant telephone company to recover the difference in the exchange rate value between Canadian and American prices on calls originating from Canada. Relying on *Ivy Broadcasting*, the court held that federal subject matter jurisdiction existed over the case. *Id.* at 222. It noted that "the holding of *Ivy Broadcasting* is both broad and absolute." *Id.*

Relying on *Kellerman v. MCI Telecommunications Corp.*, 134 Ill.App.3d 71, 89 Ill.Dec. 51, 479 N.E.2d 1057 (Ill.App.1985), plaintiff argues the FCA does not preempt its state law claims. It also contends that

permitting a state court to address its claims "will not damage the uniformity of the administration of the telecommunications laws of this country." Plaintiff's Motion to Remand, Doc. 4, at 5.

I am not persuaded by plaintiff's argument. *Kellerman* is an Illinois appellate decision which is not binding legal authority for this court in this case. Furthermore, *Kellerman* strongly favors defendants' position, not plaintiff's.

In *Kellerman,* the plaintiff sued the defendant telecommunications company alleging breach of contract, fraud and violations of state deceptive business and trade practices statutes. Plaintiff alleged that the defendant engaged in deceptive advertising practices and failed to disclose certain terms and billing practices. Although the court noted that the FCA "does not preempt every state law cause of action which can be brought against a carrier regulated by the FCC," it held that "a carrier's duties and liabilities *with respect to the rendition of interstate communications service ... are governed exclusively* by federal law. *Id.* 479 N.E.2d at 1061 (citing *Ivy Broadcasting*, 391 F.2d at 491 (emphasis added)). The court stated that the *"question of federal preemption is ... reduced to an examination of whether or not plaintiff's lawsuits seek to determine [the defendant's] duties and liabilities with respect to rendition of interstate telecommunications service." Id.* (emphasis added).

The court then held that the plaintiff's state law claims did not seek to challenge the manner in which defendant provided communications service to the public. Rather, the plaintiff's claims sought to challenge the defendant's advertising practices and failure to disclose contract terms and billing practices. The court concluded that because plaintiff's claims did not specifically challenge the defendant's provision of telecommunications services, the FCA did not preempt them. *Id.*

Based on *Ivy Broadcasting Co., Nordlicht,* and *Kellerman,* federal subject matter jurisdiction exists. This case involves the "rendition of telecommunications service" to plaintiff. Plaintiff's claims con-

cern the duties and liabilities of the defendant telephone company with respect to the provision of interstate telephone service. Thus, federal, not state, law provides the basis for deciding these claims.

Accordingly, federal subject matter jurisdiction exists because plaintiff's claims "arise under" federal law. Plaintiff's Motion to Remand will be denied.

## II. *Defendants Complied With Procedural Requirements for Removal*

Plaintiff argues that this case must be remanded to state court because defendants failed to file their Answer and Counterclaim within the time required by Rule 81(c), Federal Rules of Civil Procedure.

Defendants argue that they timely filed their Answer and Counterclaim within the time period prescribed by Rule 81(c), and Rule 6(a), Federal Rules of Civil Procedure.

For the reasons stated on pages 8–10 of defendants' Suggestions in Opposition, Doc. 6, I conclude that defendants timely filed their Answer and Counterclaim and otherwise complied with all procedural requirements for removing this case to this court. Thus, plaintiff's Motion to Remand will be denied on this point.

## III. *Conclusion*

For the reasons stated, it is ORDERED that plaintiff's Motion to Remand is denied.