**CORPORATE HOUSING SYSTEMS, INC., Plaintiff.**

v.

**CABLE & WIRELESS, INC., Defendant.**

**No. 3:97CV7739.**

United States District Court,
N.D. Ohio,
Western Division.

July 13, 1998.

Reginald S. Jackson, Jr., Sarah Steele Riordan, Connelly, Soutar & Jackson, Toledo, OH, for Plaintiff.

James B. Niehaus, Thomas J. Collin, Thompson, Hine & Flory, Cleveland, OH, Gerald A. Cooper, Thomas E. Lodge, Thompson, Hine & Flory, Columbus, OH, for Defendant.

## Order

CARR, District Judge.

This is a breach of contract action in which plaintiff claims that defendant failed to bill plaintiff and provide discounts in accordance with their agreement. Pending are defendant's motion for an order of referral to the Federal Communications Commission (FCC) (Doc. 3) and plaintiff's motion to remand the case to state court. (Doc. 10). For the following reasons, defendant's motion shall be dismissed as moot and plaintiff's motion shall be granted.

### Background

In June, 1996, defendant and plaintiff negotiated for long distance service to be provided by defendant to apartments owned and leased by plaintiff in Lucas County, Ohio. The parties allegedly agreed that defendant would send specific invoices and give specific discounts to plaintiff. According to plaintiff, defendant breached this agreement between June, 1996, and September, 1997, by failing to send invoices and give discounts in the manner agreed.

On October 9, 1997, plaintiff filed suit in Lucas County Common Pleas Court. Defendant timely removed the case to this court on the basis of federal question jurisdiction, asserting that plaintiff's claim arose under 47 U.S.C. § 201 *et seq.*, which regulates interstate communication common carriers. Shortly thereafter, defendant filed its motion for dismissal and referral to the FCC. According to defendant, the FCC is the proper adjudicator of this dispute because the issues herein are within the particular expertise of the FCC and not this court.

On December 18, 1997, plaintiff filed its motion to remand this case to state court. Plaintiff contends that its complaint sets forth only a breach of contract claim, not a cause of action under 47 U.S.C. § 201 *et seq.* As such, plaintiff argues, its claim does not arise under federal law, and this court does not have subject

matter jurisdiction over the case.[1]

## Discussion

The basic disagreement between the parties is where this case should be adjudicated: in federal court, in state court, or by the FCC. Because I conclude that there is no basis for federal subject matter jurisdiction, I shall remand this case to the Lucas County Court of Common Pleas.

■ Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." District courts have original federal question jurisdiction over any case that arises under federal law. 28 U.S.C. § 1331. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint; a case does not arise under federal law if the federal issue appears only as a defense. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ An exception to the well-pleaded complaint rule exists when it appears that a plaintiff has "artfully" plead his or her complaint in order to avoid federal jurisdiction of claims that are federal in nature. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists*, 376 F.2d 337, 339–340 (6th Cir.1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Under this doctrine, if a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims" or if plaintiff's claim is "really one of federal law," then the matter is properly in federal court. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989) (*quoting Franchise Tax Board*, 463 U.S. at 13, 103 S.Ct. 2841).

■ An important corollary to the well-pleaded complaint rule is that Congress may completely preempt a particular area of law so that any state court complaint raising this select group of claims is deemed to be federal in nature and, therefore, removable to federal court. *Metropolitan Life*, 481 U.S. at 64–66, 107 S.Ct. 1542. Complete preemption of state law exists where Congress has "clearly manifested an intent to make causes of action ... removable to federal court." *Id.* at 66, 107 S.Ct. 1542.

■ The party seeking removal bears the burden of establishing federal court jurisdiction. *City of Detroit*, 874 F.2d at 339. A removal petition is therefore to be construed strictly, with all doubts resolved against removal and in favor of remand. *Id.*

■ In support of its motion for referral and opposing plaintiff's motion for remand, defendant first argues that plaintiff's claims arise under Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.* (the Act). Specifically, defendant contends that plaintiff is challenging the fairness and reasonableness of defendant's billing practices and, as such, alleges a federal cause of action arising under §§ 201(b) and 207 of the Act. I disagree.

Section 201(b) of the Act provides, in pertinent part, that:

[a]ll charges, practices, classifications, and regulations for and in connection with ... communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful

...

Section 207 of the Act creates a federal cause of action for any person damaged by a common carrier subject to the provisions of the Act.

Read together, these provisions permit individuals to sue common carriers for unjust or unreasonable rates or billing practices. Plaintiff's complaint, however, neither directly nor indirectly challenges the fairness or reasonableness of defendant's rates or billing practices; rather, it seeks redress for defen-

1. Defendant does not dispute that, although the parties are diverse, there is no diversity jurisdic-
tion because the amount in controversy is only $65,000. *See* 28 U.S.C. § 1332.

dant's failure to honor specific· contractual obligations. As such, plaintiff's claim does not arise under federal statutory law. *See Nordlicht v. New York Tel. Co.,* 799 F.2d 859 (2d Cir.1986) (holding that plaintiff's breach of contract and negligence claims against telephone company did not arise under the Act because "no reason to believe that Congress … intended to declare the existence of the fundamental right to recover for tort of breach of contract"); *Ivy Broadcasting Co. v. American Tel. & Tel. Co.,* 391 F.2d 486, 489 (2d Cir.1968) (same).

Further, nothing indicates that plaintiff has purposefully attempted to avoid this court's jurisdiction by asserting only state law claims: a fair reading of the complaint reveals no substantial, disputed question of federal law necessary to the resolution of plaintiff's breach of contract claim, nor is that claim actually federal in nature. *Compare Fax Telecommunicaciones Inc. v. AT&T,* 138 F.3d 479, 487 (2d Cir.1998) (breach of contract claim against service provider was not an artfully pleaded federal cause of action because it was based on an alleged contract that was independent of filed rates under federal law) *with Marcus v. AT&T Corp.,* 938 F.Supp. 1158, 1167 (S.D.N.Y.1996), *aff'd* 138 F.3d 46 (2d Cir.1998) (plaintiffs' fraud claim was artfully pleaded claim that arose under federal common law because it sought a refund of rates charged in contravention of § 203(e) of the Act and resolution of the case would depend on court's construction of the Act). Therefore, I do not agree with defendant that plaintiff has artfully pleaded a federal cause of action to avoid this court's jurisdiction.

■ Defendant's second argument in support of federal jurisdiction is that, even if plaintiff has not plead a claim arising under a provision of the Act, plaintiff's claim nonetheless arises under federal common law. I have already determined that plaintiff's claim is not artfully pleaded to disguise a federal claim. Therefore, although defendant does not articulate it as such, its argument amounts to a claim that the Act completely preempts any state law causes of action and provides an independent basis for removal jurisdiction.

Defendant relies on several cases to support this argument. The first is *Ivy Broadcasting, supra,* in which the Second Circuit was· faced with a challenge to a telephone company's allegedly negligent installation of phone lines. The court held that, even though the plaintiff's state claims of negligence and breach of contract did not arise under the Act, the Act was intended to preempt all grounds for liability of phone companies, and, therefore, the plaintiff's state claims were transformed into federal ones. In *Nordlicht, supra,* the Second Circuit again held that the Act completely preempted a customer's claim, on behalf of an entire class of customers, that his telephone company overcharged him for calling card calls between Canada and the United States. *See also Thermalcraft, Inc. v. U.S. Sprint Communications,* 779 F.Supp. 1039, 1041–42 (W.D.Mo.1991) (plaintiff's breach of contract, misrepresentation and state statutory claims arose under federal common law, relying on *Ivy Broadcasting* and *Nordlicht* ).

Despite the apparent applicability of these cases, defendant has not convinced me, as is its burden, that the Act completely preempts state law breach of contract actions brought by customers against telephone service providers.

·First, I do not find the authorities cited by defendant to be· persuasive in this case. The decision in *Ivy Broadcasting,* on which the other three cases depended, has· been widely criticized as extreme and unprecedented. *See Sanderson, infra,·* (*citing* Charles Alan Wright, Law of Federal Courts § 60, at 416 (5th ed.1994); *Recent Cases: Federal Courts,* 82 Harv.L.Rev. 479, 480–81 (1968); and Jack Hassid, *Recent Decisions: Federal Jurisdiction,* 37 Geo.Wash.L.Rev. 425, 428, .431 (1968)). Indeed, the Second Circuit itself has recently retreated from its, ruling in *Ivy Broadcasting* and *Nordlicht* that the Act completely preempts state law claims in the area of interstate communications. The district court in *Marcus,* on which defendant also relies, expressed doubt about the continuing validity of *Ivy Broadcasting* and *Nordlicht* :

It may be that because of the Second Circuit's failure to consider the savings

clause, and the holding of *Metropolitan Life,* the sweeping language used in *Ivy* and quoted in *Nordlicht* —"questions concerning the duties, charges and liabilities of telegraph or telephone companies with respect to interstate communications services are to be governed *solely* by federal law ... the states are precluded from acing in this area"—is overbroad.

*Marcus,* 938 F.Supp. at 1168 (*quoting Ivy Broadcasting,* 391 F.2d at 491). Very recently, when *Marcus* was appealed, the Second Circuit concluded that, after the Supreme Court's decision in *Metropolitan Life,* "federal common law does not completely preempt state law claims in the area of interstate telecommunications." 138 F.3d at 54. The Second Circuit therefore held that, to the extent that *Ivy Broadcasting* and *Nordlicht* were inconsistent with *Metropolitan Life,* they were no longer the law. *Id.* at 55–56. *See also Fax Telecommunicaciones,* 138 F.3d at 486 (recognizing *Marcus*'s abrogation of *Ivy Broadcasting* and *Nordlicht*).

Moreover, the *Ivy Broadcasting* court did not mention the Act's savings clause, discussed below, in deciding that federal common law governed the plaintiff's state law claims.

The cases on which defendant relies are also distinguishable, as they involved challenges to a company's regular billing practices in general, and, therefore, implicated uniformity interests important to all telephone service customers. This case, on the other hand, relates to a single claim of failure to follow through on a private, highly individualized contract for telephone service, and therefore seeks to vindicate an interest of individual, and not general, import.

Second, several courts have recently ruled that the Act does not completely preempt state law causes of action, many of them following a two-prong test formulated by the

Third Circuit.[2] These courts have held that the Act does not transform state law causes of action into federal ones, either because the Act provides no enforcement mechanism to redress the state law claim, or because Congress did not intend to completely preempt state law claims, or both. *See Fax Telecommunicaciones,* 138 F.3d at 486 (fact that plaintiff's contract and tort claim concerned billing practices did not afford a basis for removal because there was no clear congressional intent to do so); *Sanderson, Thompson, Ratledge & Zimny v. AWACS,* 958 F.Supp. 947, 958 (D.Del.1997) (fraud and breach of contract claims not challenging the reasonableness of a billing practice were not preempted by federal law, and not transformed into federal causes of action, because they did not fall within the scope of the Act's enforcement provision nor was there any indication of congressional intent to preempt); *Bauchelle v. AT&T,* 989 F.Supp. 636, 646 (D.N.J.1997) (because the Act did not address the interests underlying plaintiff's misrepresentation claim and there was no affirmative indication of requisite congressional intent to preempt such claims, removal jurisdiction was wanting); *DeCastro v. AWACS,* 935 F.Supp. 541, 550–51 (D.N.J.1996) (the Act did not provide an enforcement mechanism for defendant's alleged failure to disclose a particular billing practice, nor was there any indication that Congress intended to preempt all claims within the telecommunications area; therefore, plaintiff's counts were not independently removable to federal court by virtue of the complete preemption doctrine); *Heichman v. American Telephone and Telegraph Co.,* 943 F.Supp. 1212, 1222 (C.D.Cal.1995) (breach of contract claim not completely preempted so as to turn it into a federal claim because it did not "involve quality of defendant's services or the reasonableness of its rates" and therefore did not arise out of a duty created by the Act).[3] *But see*

---

**2.** Under this test, the allegedly preemptive Act must contain "civil enforcement provisions within the scope of which the plaintiff's state claim falls" and there must be "a clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.,* 858 F.2d 936, 942 (3d Cir.1988).

**3.** In ruling that congressional intent to preempt is lacking, several courts have relied on the Act's savings clause, 47 U.S.C. § 414, which states that "[n]othing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." *See Sanderson,* 958 F.Supp. at 958 ("savings, clause clearly reflects Congress's determination

*Vermont v. Oncor Communications, Inc.,* 166 F.R.D. 313, 319 (D.Vt.1996) (fraud claims, whether or not they specifically involve billing charges, are completely preempted by the Act).

It is true, as defendant points out, that plaintiff's complaint is a challenge to the rates charged by defendant. The complaint does not, however, attack the quality of defendant's services or the reasonableness of defendant's rates. Resolution of this case does not depend on interpretation of the Act or require that the court assess the reasonableness or lawfulness of defendant's billing practices. Indeed, plaintiff's claim is distinguishable from causes of action explicitly created under the Act: plaintiff's claim and possible recovery are based on obligations arising out of a private contract between two parties, not on duties and liabilities created and governed by the Act. As such, this case does not presented a uniquely federal interest that must be vindicated by federal common law. *See Fax Telecommunicaciones, supra* (no clear congressional intent to allow removal of purely state law contract claims based on private contract between parties as to billing practices and rates).

Because I am not convinced that the Act provides an enforcement mechanism for private contractual disputes, or that Congress intended the Act to preempt such private disputes, I do not believe that this court has removal jurisdiction over plaintiff's case. Without jurisdiction, I am unable to do anything but remand the case to the state court from whence it came,[4] and, therefore, defendant's motion for referral to the FCC is moot.

### Conclusion

In accordance with the above, it is hereby

**ORDERED THAT**

that state law causes of action should not be subsumed by the Act, but remain as independent causes of action"); *DeCastro,* 935 F.Supp. at 551 (same); *Bauchelle,* 989 F.Supp. at 648 (same); *Heichman,* 943 at 1220; *KVHP TV Partners, Ltd. v. Channel 12 of Beaumont, Inc.,* 874 F.Supp. 756, 761 (E.D.Tex.1995) ("inclusion of this savings clause is plainly inconsistent with the congressional displacement of state contract and fraud claims"), *American Inmate Phone Systems, Inc. v. U.S. Sprint Communications Co. Ltd.,* 787

(1) Defendant's motion for dismissal and referral to the FCC (Doc. 3) be, and same hereby is, dismissed as moot; and

(2) Plaintiff's motion for remand to state court (Doc. 10), be, and same hereby is, granted.

**So ordered.**

F.Supp. 852 (N.D.Ill.1992) (duties arising under service agreement and state consumer fraud statute are distinct from duties created by the Act and, thus, were not preempted by virtue of the savings clause).

4. According to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."