Tammy **CRUMP, Pauline Rivers, Gary Morse, and Donna Chaplinski, on behalf of themselves and all other similarly situated, Plaintiffs,**

v.

**WORLDCOM, INC., and MCI WorldCom Communications, Inc., et al., Defendants.**

No. 00–CV–02982.

United States District Court, W.D. Tennessee, Western Division.

Jan. 8, 2001.

As Amended Feb. 26, 2001.

John S. Wilder, Sr., Wilder & Sanders, Somerville, TN, Charles J. Piven, Marshall N. Perkins, Law Offices of Charles J. Piven, Baltimore, MD, Steven A. Martino, Jackson Taylor Martino & Hedge, P.C., Mobile, AL, Andrew S. Johnston, Law Office of Andrew S. Johnston, Somerville, TN, for Tammy Crump, Pauline Rivers, Gary Morse, Donna Chaplinski, plaintiffs.

Samuel D. Lipshie, Paul A. Alexis, Boult Cummings Conners & Berry, Nashville, TN, Don M. Downing, Michael P. Downey, Stinson Mag & Fizzell, P.C., St. Louis, MO, Thomas F. O'Neil, III, William E. Smith, Worldcom, Inc., Washington, DC, for Worldcom, Inc., MCI Worldcom Communications, Inc., A, B, and/or C, the persons, firms and/or legal entities who devised, had knowledge of, assisted, aided, and/or engaged in the deceptive trade practices of the defendants as alleged herein; all of whose true identities are otherwise unknown to the plaintiffs at this time but which will be added by amendments when ascertained, individually and jointly, defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

DONALD, District Judge.

Before the court is Plaintiffs' motion for remand. Plaintiffs alleged in their class action complaint, filed in the Chancery Court for Fayette, County, Tennessee, five causes of action: violation of the Tennessee Consumer Protection Act, T.C.A. § 47–18–102, and analogous statutes of other states; misrepresentation; negligent monitoring; negligent supervision and/or training; and unjust enrichment and/or disgorgement. Plaintiffs essentially allege that Defendants made misrepresentations that affected the sale of long distance and other services to consumers. Defendants removed the case to the U.S. District Court on October 16, 2000, pursuant to 28 U.S.C. § 1441. Defendants primarily rely upon the federal preemption and artful pleading doctrines as grounds for removal. Plaintiffs now respectfully move the court to remand this case back to the Chancery Court of Fayette County, Tennessee.

### I. Background Facts

On September 8, 2000, Plaintiffs filed a Class Action Complaint in the Chancery Court of Fayette County, Tennessee for the Twenty–Fifth Judicial District at Somerville. On September 19, 2000, Plaintiffs filed in the Chancery Court Plaintiffs' Motion for Conditional Class Certification; Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Conditional Class Certification; and supporting papers. On that same date, the Chancery Court of Fayette County entered an Order of Conditional Class Certification.

On or about October 16, 2000, Defendants filed a Notice of Removal in this Court. On that same date, Defendants filed a Notice of Removal in Chancery Court for Fayette County, Tennessee.

### II. Standard of Law

A case originally filed in state court may be removed to federal court pursuant to 28 U.S.C. § 1441. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." If an action is removed, a federal court only may hear the case if the court has subject matter jurisdiction. 28 U.S.C. § 1441.

The removing party carries the burden of showing that removal is proper, and that the federal court has original jurisdiction to hear the case. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. *See* 28 U.S.C. § 1447(c); *see also Union Planters Nat'l Bank v. CBS. Inc.,* 557 F.2d 84, 89 (6th Cir.1977).

### III. Analysis

#### A. *Removal from State Court*

"The federal courts are courts of limited jurisdiction, and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every

matter before them." *Robinson v. Michigan Consolidated Gas Co., Inc.*, 918 F.2d 579, 582 (6th Cir.1990). A defendant in a state court action may remove a case to federal court on diversity or federal question grounds within thirty days after service. 28 U.S.C. § 1441 and § 1446. An action removed to federal court may be remanded to state court if at any time before final judgment it appears that the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

■ Removal jurisdiction is a question of law for this court. *Davis v. McCourt*, 226 F.3d 506, 509 (6th Cir.2000). The defendant has the burden of establishing that removal is proper. *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)). Important federalism considerations regarding the relationship between the state and federal court systems caution against routinely finding removal jurisdiction. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The removal statute is to be strictly construed, and the exercise of jurisdiction is to be rejected in doubtful cases. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994); *see also Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76–77, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941). Indeed, there is a "strong presumption" against removal, *cf. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938), and

every doubt concerning whether removal was proper should therefore be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

Plaintiffs, in this situation, have filed a motion for remand contending that this court lacks subject matter jurisdiction over this controversy. Additionally, Plaintiffs maintain that Defendants' removal was improper in the instant case. *See* 28 U.S.C. § 1447(c).

The Defendants, however, assert that the Plaintiffs' Complaint falls within the exception to the well-pleaded complaint doctrine as the claims asserted by the Plaintiffs are completely preempted by federal law. Finally, Defendants contend that because Plaintiffs' claims directly implicate the tariffs filed by WorldCom, the Plaintiffs cannot circumvent this Court's jurisdiction by artful pleading.[1]

■ The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *see Davis*, 226 F.3d at 510. Typically, the well-pleaded complaint rule makes the plaintiff the "master of the complaint," meaning a plaintiff may avoid federal jurisdiction by relying exclusively on state law for his or her cause of action.

---

1. As a general rule, a defendant's ability to remove a case is subject to the "well-pleaded complaint" doctrine. *Tyree v. The Burlington Northern and Santa Fe Railway Co.*, 973 F.Supp. 786 (W.D.Tenn.1997). Under this rule, where federal jurisdiction is based on 28 U.S.C. § 1331, the federal claims must appear on the face of the complaint. *Id.* The Supreme Court, however, has recognized a "significant exception" to this rule—the "complete preemption" doctrine. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393–94, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The complete preemption doctrine provides that even where the complaint purports to raise only state law claims, the case may be removed if the allegations in the complaint implicate an area of law that is necessarily federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475–76, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). If an area of state law has been completely preempted, a plaintiff may not defeat federal jurisdiction by artfully pleading a federal claim as one arising solely under state law. *Metropolitan Life Insurance*, 481 U.S. at 66, 107 S.Ct. 1542; *Her Majesty the Queen v. The City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989).

*Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429. Hence, with few exceptions, the plaintiff, as "master of the complaint," may select a state forum by choosing to rely on state-law claims only, even if the facts alleged also would support a claim under federal law. *Tisdale v. United Assoc. of Journeymen,* 25 F.3d 1308, 1311 (6th Cir. 1994) ("[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

▪ A defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim will be litigated. *Caterpillar,* 482 U.S. at 399, 107 S.Ct. at 2433. Rather, "in order for 'arising under' jurisdiction to attach, 'a right or immunity created by the institution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Robinson,* 918 F.2d at 585 (citations omitted); *see also Strong v. Telectronics Pacing Systems, Inc.,* 78 F.3d 256, 259 (6th Cir.1996) ("Ordinarily, a defendant may remove. a state court case to federal court only if [the case] could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case."). Thus, this court finds that based on the foregoing, Defendants have failed to assert a cause of action over which this court has original jurisdiction.

B. *The Complete Preemption Doctrine*

▪ An exception to the well-pleaded complaint rule is the complete preemption doctrine, which arises where "the pre-emp-

tive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430. Once an area of state law has been completely pre-empted, any claims purportedly based upon state law will be treated as though they arose under federal law, regardless of how the plaintiff crafted the complaint. *Id.* The doctrine of complete preemption applies only when Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Circumstances where federal law completely preempts state law, so as to support removal of a state-law claim to federal court, are extremely rare. *See Robinson,* 918 F.2d at 585 (identifying only three federal statutes where complete preemption has been found by the Supreme Court).[2]

▪ The Supreme Court has admonished federal courts against finding complete preemption absent "the clear manifestation of congressional intent necessary to create removal jurisdiction." *See Strong,* 78 F.3d at 261; *see also Robinson,* 918 F.2d at 586. Complete preemption is to be distinguished from ordinary preemption, which is a defense that may be raised in state court but is not a proper basis for removal. *Cf. Tisdale,* 25 F.3d at 1311 ("Preemption and removal are related but distinct concepts."). With regard to ordinary preemption, "[e]ven 'the fact that a defendant might ultimately prove that a

---

**2.** Justice Brennan, concurring in *Metropolitan Life,* cautioned against liberal use of the complete preemption doctrine:

> I note that our decision should not be interpreted as adopting a broad rule that any defense premised on congressional intent to pre-empt state law is sufficient to establish removal jurisdiction. The Court holds only that removal jurisdiction exists when, as here, "Congress has clearly manifested an intent to make causes of action ... removable to federal court." In future cases involving other statutes, the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court.

*Metropolitan Life,* 481 U.S. at 67–68, 107 S.Ct. at 1548 (Brennan, J., concurring).

plaintiff's claims are pre-empted ... does not establish that they are removable to federal court." ' *Id.* (quoting *Caterpillar*, 482 U.S. at 398, 107 S.Ct. at 2432).

 The fact that questions of federal statutory law may need to be resolved in the course of litigation is not sufficient to confer federal question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650 (1986). Proper interpretation of a federal statute is protected by the Supreme Court's power ultimately to review state court decisions involving such issues. *Id.* at 816 & n. 14, 106 S.Ct. at 3236 & n. 14.

 Indeed, absent complete preemption, "even if both parties concede that the federal defense is the only question truly at issue, removal is improper". *See Robinson*, 918 F.2d at 585 (citation omitted). As the United States Court of Appeals for the Sixth Circuit has recently maintained:

> Whether or not this case may proceed to a decision on the merits in state court will depend upon whether [the party]'s claims are completely preempted (and thus removable), whether preemption is just a defense (and thus not a basis for removal), or whether they are not preempted at all.

*NGS American, Inc. v. Jefferson*, 218 F.3d 519, 531 (6th Cir.2000). Stated another way, if this Court concludes that Plaintiffs' claims are neither completely preempted nor subject to the artful pleading doctrine, then remand is appropriate and the Court does not reach the question of whether ordinary preemption is a defense to Plaintiffs' claims rather, the state court resolves the latter issue.

Plaintiffs' Class Action Complaint alleges five causes of action. ( *See* Comp., at 10–16, ¶ s 28–68). The gravamen of Plaintiffs' allegations are that Defendants made misrepresentations in the sale/solicitation of long distance and other services to consumers.

Even a cursory reading of Plaintiffs' Class Action Complaint emphasizes that the tortious conduct complained of therein relates to misrepresentations (actionable under state law) and is not a direct attack on rates and/or the quality of service. Furthermore, the Complaint notes that the underlying conduct complained of occurred through the solicitation and/or sale of certain products/services. *See id.* at 2–3. The claims asserted relate to "the solicitation and sale of long distance telephone services to those consumers." *Id.* at 3.

The crux of Plaintiffs' allegations are set forth in the Complaint. Indeed, the Complaint painstakingly details the specific allegations of misrepresentations involving, *inter alia*, the following services/products: WorldCom's "five cents a minute everyday" calling plans; WorldCom's 10–10–9000 directory assistance service; WorldCom's 10–10–321 "dial-around" long distance service; and WorldCom's frequent flier miles credits. (*See id.* at 4–6, ¶ 16).[3]

Plaintiffs further contend that claims based on consumer protection/fraud statutes involve "deceptive" and "misleading" practices. (*See id.* at 7, ¶ 19). More specifically, the Complaint alleges that "[t]he 'five cents a minute everyday' calling plan and the subject services offered by the Defendants were promoted through a common course of conduct which involved standardized documents and/or oral representations *characterized by similar misrepresentations and/or omissions of material facts ....* " (*Id.* at 9) (emphasis added); ("[T]he conduct complained of herein relates to material information uniformly misstated and/or omitted by Defendants."). Likewise, Plaintiffs' allegations of intentional or negligent deceit are similarly based upon such misrepresentative conduct. ( *See id.* at 12, 13) (listing

---

**3.** Paragraph 17 expressly provides: [T]he causes of action asserted herein are based on state law claims involving Defendants' mis-

representations and are not a direct attack on the rates and/or the quality of the services provided. *Id.* at 6.

specific misrepresentations). Thus, this court notes that Plaintiffs' Complaint involves alleged misrepresentations actionable under state law.

## C. *Federal Question Jurisdiction*

In the instant case, Defendants base their claims for removal primarily on the "complementary doctrines of complete and artful pleading." (*See Notice of Removal,* at 3, ¶ 6) ("Under the 'artful pleading doctrine', a plaintiff may not defeat federal jurisdiction by artfully pleading a federal claim as one arising solely under state law."). Defendants also refer to the federal "filed rate doctrine" (or "filed tariff doctrine") to argue that "Plaintiffs' claims are nothing more than an artfully pled challenge to WorldCom's tariffed rates." *Id.* at ¶ 9.

■■■ Defendants' arguments to support removal jurisdiction fail. Courts have consistently rejected identical arguments.[4] As the court in *Guglielmo v. WorldCom, Inc.,* 2000 WL 1507426 (D.N.H.), has cogently reasoned: Worldcom's line of reasoning, because a carrier's filed tariff has the force of federal law, and is the exclusive source of the terms and conditions by which the common carrier provides its customers with the services covered by the tariff, any claim by a telecommunications customer relating to rates, terms or conditions of tariffed services must arise under the tariff and the Federal Communications Act ("FCA"). WorldCom's argument runs into a significant obstacle, however, in the form of the "well-pleaded complaint rule . . . ." [I]f a plaintiff "can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." *See Guglielmo v. WorldCom, Inc.,* 2000 WL 1507426 (D.N.H.).

■■■ This court notes that the appropriate inquiry in evaluating WorldCom's complete preemption claim is whether Congress, in enacting the FCA, demonstrated a definite intention to create removal jurisdiction over claims such as those brought by Plaintiffs. WorldCom has failed to reference any such an intention in the language or history of the FCA. Thus, the court finds that the FCA does not have the preemptive force required for complete preemption.

WorldCom, however, suggests that the comprehensive nature of the regulatory scheme created under the FCA supports its contention that the FCA was conceived as a comprehensive regulatory measure. WorldCom's attempt to equate comprehensiveness with complete preemption is unavailing. As the Supreme Court has explained, assertions that a federal regulatory scheme is comprehensive are not particularly helpful to ordinary preemption analysis. *See Hillsborough County, Florida v. Automated Med. Labs., Inc.,* 471 U.S. 707, 717, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985).

■■■ The Supreme Court's opinion in *Metropolitan Life* stands for the proposition that the doctrine of complete preemption applies only when Congress clearly manifests an intention to create removal jurisdiction over certain causes of action. WorldCom has failed to demonstrate that the FCA contains, in either its language or its legislative history, any such manifestation of Congressional intent. WorldCom has similarly failed to demonstrate that absent complete preemption under the FCA, the artful pleading doctrine provides any basis for federal subject matter jurisdiction over plaintiffs' claims. Accordingly, Plaintiffs' motion for remand is granted as to this claim. *Guglielmo v. WorldCom,*

---

**4.** Generally, what the filed tariff doctrine prohibits is the litigant bringing, for example, a breach of contract action against a common carrier arguing that the litigant can enforce a rate different than the rate approved by the appropriate federal agency. By stark contrast, federal law expressly allows a plaintiff—as Plaintiffs here—to pursue state-law claims based upon a long distance provider's misrepresentations. *Central Office Telephone,* 524 U.S. at 222, 118 S.Ct. 1956.

*Inc.,* 2000 WL 1507426, *1–*6, 2000 U.S. Dist. LEXIS 10923, *6–*22 (D.N.H. July 27, 2000).

### D. *Complete Preemption*

Most importantly, the decision of the United States Court of Appeals for the Sixth Circuit in *In re Long Distance Telecommunications Litig.,* 831 F.2d 627 (6th Cir.1987) (hereafter, *In re Long Distance* ), mandates that this case be remanded back to Tennessee state court. In *In re Long Distance,* the Court of Appeals held, inter alia, that the Communications Act did not preempt state common-law claims of fraud and deceit based on alleged failure of telephone companies to disclose practice of charging for uncompleted calls.

*In re Long Distance* arose as a case where the plaintiffs were "customers of the defendants, which [we]re companies engaged in providing long distance telephone services." *In re Long Distance,* 831 F.2d at 628. The defendants were competitors of AT & T and advertised that defendants' long distance rates were lower than those of AT & T. The gravamen of plaintiffs' action was that the defendants did not reveal "their practice of charging for uncompleted calls. AT & T [did] not charge for such calls." *Id.*[5]

In analyzing the preemption issue, the Sixth Circuit observed that the touchstone

case was *Nader v. Allegheny Airlines, Inc.,* 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976). *See In re Long Distance,* 831 F.2d at 633. In both *Nader* and *In re Long Distance,* the plaintiffs claimed that federal law preserved state-law remedies for misrepresentational torts; conversely, in both cases, defendants claimed the actions were preempted by federal law.

In *In re Long Distance,* the Court of Appeals analyzed the language of the relevant statute, the FCA. Specifically, the Sixth Circuit examined the savings clause codified at 47 U.S.C. § 414: "Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." *In re Long Distance,* 831 F.2d at 633. After reviewing the statutory framework, *Nader,* and other federal case law, the Sixth Circuit held that claims indistinguishable from those asserted by Plaintiffs in this case were not preempted by federal law:

> [*Nader*] found no "irreconcilable conflict between the statutory scheme and the persistence of common-law remedies." 426 U.S. at 299, 96 S.Ct. 1978.
>
> We believe the district court erred in holding that the state law claims for fraud and deceit, based on the defendants' failure to notify customers of the

**5.** The procedural history of *In re Long Distance* is complicated, yet important for a full understanding of the case. Multiple class actions were filed by various plaintiffs alleging "the same general claims." *In re Long Distance,* 831 F.2d at 628. The Judicial Panel on Multidistrict Litigation transferred the cases to the Eastern District of Michigan. Thereafter, a plaintiff in one of the transferred cases moved for remand on the basis that the plaintiff had raised only state-law claims. That remand motion was denied; the District Court subsequently denied similar remand motions. *See id.* at 628–29 (citing, inter alia, *Lazar v. MCI Communications,* 598 F.Supp. 951 (E.D.Mich.1984)).

After denial of the remand motions, all of the plaintiffs joined in a single amended consolidated complaint alleging six counts. *See id.* at 629. All six counts of the amended

consolidated complaint were based upon federal law. Ruling, inter alia, that the determination of the reasonableness of defendants' rates was, in the first instance, a question for the FCC, the District Court granted defendants' motion to dismiss. *See id.* Plaintiffs then appealed.

One issue before the Sixth Circuit in *In re Long Distance* was whether the District Court properly decided the remand issue. Defendants/appellees claimed that the plaintiffs below had abandoned the issue by not renewing their state-law claims in the amended consolidated complaint. *See id.* at 632–33. The Sixth Circuit rejected that argument and reviewed the merits of the District Court's remand ruling. *See id.* at 633 ("[T]he preemption rulings had the effect of removing the state-law claims from the cases.").

practice of charging for uncompleted calls, were preempted by the Communications Act. These claims, unlike those based on section 201 of the Act, do not require agency expertise for their treatment and are "within the conventional experience of judges." *Far East Conference[ v. U.S.]*, 342 U.S. [570,] 574[, 72 S.Ct. 492, 96 L.Ed. 576 (1952) ]. The claims in this case are more nearly like those in *Nader* than the ones considered by the court of appeals in *Ivy Broadcasting Co.* If the state law claims in the present case related to rates or service rather than the failure to disclose, *Ivy* would be more persuasive. *See Kellerman v. MCI Telecommunications Corp.*, 112 Ill.2d 428, 493 N.E.2d 1045, 98 Ill. Dec. 24[ ], *cert. denied*, 479 U.S. 949, 107 S.Ct. 434, 93 L.Ed.2d 384 (1986), where the Supreme Court of Illinois reached the same conclusions as we do concerning preemption of state law claims in the light of *Nader*.

We also conclude that the district court incorrectly found that the savings clause of the Communications Act does not apply to the state law claims ....

*In re Long Distance*, 831 F.2d at 633–34 (emphasis added).

The Sixth Circuit's decision provides guiding principles for the present case and, thus, is binding. In *In re Long Distance*, as here, the plaintiffs presumably could have asserted federal claims under the FCA. Nonetheless, in *In re Long Distance*, as here, the plaintiffs chose to assert only state-law claims. In both cases, federal law, and specifically 47 U.S.C. § 414, preserve a plaintiff's right to pursue a state common law remedy based upon a communications defendant's misrepresentations. In *In re Long Distance*, defendants' affirmative misrepresentations were the statements that their rates were lower than those of AT & T. In the present case, Defendants' affirmative misrepresentations are that Defendants heavily advertise MCI's "five cents a minute everyday" call-

ing plans. These advertisements emphasize that if a consumer chooses MCI as his or her preferred long distance carrier, then the consumer will qualify for a purported long distance rate of five cents per minute. Such representations are untrue and/or misleading because they do not adequately disclose charges, fees, or higher rates included in the plan. (Comp., at 4, ¶ 16).

■ The court notes that *In re Long Distance* deals only with "preemption" generally, but does not expressly make the distinction between complete preemption (a basis for removal) and ordinary preemption (not a basis for removal). Although one court has speculated as to the reason for the failure to expressly make such a distinction,[6] at least this much is evident: in the Sixth Circuit, state law claims for misrepresentations by communications service providers are not preempted by federal law (or by the FCA). As the Heichman court explained construing the *In re Long Distance* decision:

> [A] finding that the [FCA] does not preempt a particular claim a fortiori constitutes a finding that the Act does not completely preempt that claim; if federal law does not abrogate a state cause of action, it can hardly be said to replace it, and if federal law merely supplements state law's provision for a right of action, the plaintiff is master of his or her claim and can choose to sue under state law only.

*Heichman v. AT & T*, 943 F.Supp. 1212, 1221 n. 5 (C.D.Cal.1995); *cf. Sanderson v. AWACS, Inc.*, 958 F.Supp. 947, 956 n. 4 (D.Del.1997) ("[I]t is evident that the [*In re Long Distance* ] court was addressing the doctrine of ordinary preemption which is separate and distinct from the doctrine of complete preemption ...."). 

*In re Long Distance* has subsequently been cited with approval by other Sixth Circuit opinions. *See Broyde v. Gotham Tower*, 13 F.3d 994, 997 (6th Cir.), *cert.*

---

6. *See Heichman v. AT & T*, 943 F.Supp. 1212, 1221 n. 5 (C.D.Cal.1995).

*denied,* 511 U.S. 1128, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994); *Dana Corp. v. Blue Cross & Blue Shield Mut.,* 900 F.2d 882, 889 (6th Cir.1990). Furthermore, other federal courts have consistently held that state-law claims for misrepresentations by communications service providers are not preempted by federal law. *Corporate Housing Systems, Inc. v. Cable & Wireless, Inc.,* 12 F.Supp.2d 688 (N.D.Ohio 1998) (setting forth comprehensive analysis of issue).

As the *Bauchelle* court sagely pointed out, a communications provider's rights and responsibilities under federal law "should not be conflated with [that provider]'s obligations, pursuant to state law, to truthfully advertise and market its [services]." *Bauchelle,* 989 F.Supp. at 642. Defendants, in this situation, simply have not demonstrated the unmistakable, unambiguous congressional intent necessary to sustain complete preemption. Accordingly, federal question jurisdiction does not exist on that ground. *See Tisdale,* 25 F.3d at 1311 ("[W]e find that plaintiffs' state-law claim may not be removed because it arises from an independent body of state law substantive rights and does not invoke any legal ground that has been preempted by federal ... law.").[7]

### E. *Artful Pleading Doctrine*

▮▮▮ The United States Court of Appeals for the Sixth Circuit detailed the essentials of the "artful pleading doctrine" in *Her Majesty the Queen v. The City of Detroit,* 874 F.2d 332 (6th Cir.1989) when detailing the exception to the well pleaded complaint rule. An exception to the well pleaded complaint rule exists when plaintiffs "artificially plead" their complaint in an attempt to avoid federal jurisdiction of claims that are potentially federal. The matter is properly in federal court if it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims or if plaintiff's claim is really one of federal law. Furthermore, "an action may be removed where the real nature of the claim asserted ... is federal, irrespective of whether it is so characterized." *Id.* "Where federal and state claims are not identical, the artful pleading doctrine has been held not to apply." *Her Majesty the Queen,* 874 F.2d at 339–40.

At least one court has thoughtfully recognized that in the context of this case, the artful pleading doctrine is subsumed by the complete preemption inquiry:

> While perhaps theoretically distinct, the artful pleading doctrine in practice collapses into the complete preemption doctrine ....
>
> In other words, where as in this case, there is no issue of federal claims being 'artfully' pled under state law in order to circumvent the res judicata impact of a federal judgment, the propriety of invoking the "artful pleading" doctrine depends on whether federal law has "completely preempted" Plaintiff's state law cause of action .... The Court will therefore not engage in a separate analysis of the artful pleading doctrine.

*Heichman,* 943 F.Supp. at 1219 n. 3 (quotation marks and citation omitted). Nonetheless, for the reasons previously stated, the artful pleading doctrine does not provide a basis for removal in the instant cause. *See Bauchelle,* 989 F.Supp. at 642–43 (rejecting "artful pleading" argument similar to that made by Defendants here);

---

7. Further, as the *Sanderson* court reasoned:

 It is not clear from the face of the complaint whether counts III and IV present challenges to the actual billing practices itself or are premised on defendant's failure to disclose these practices. Although the former would fall within the scope of the Act's civil enforcement provision, on a motion to remand, the Court must strictly construe the removal statute and resolve all doubts in favor of remand. Accordingly, because it is unclear from the face of the complaint whether these claims challenge the reasonableness or fairness of the [billing practices], this Court must conclude that they do not.

 *Sanderson,* 958 F.Supp. at 956 (citation omitted).

*id.* at 643 ("The claims relate solely to Defendant's alleged misrepresentations in its advertising and marketing and do not depend on any provision of federal law for their resolution.").

Plaintiffs' Complaint on its face, makes clear that, in this situation, Plaintiffs are not directly attacking the rates charged either by Defendants or Defendants' entry of the market. The Sixth Circuit's *In re Long Distance* decision cites with approval the Supreme Court of Illinois' opinion in *Kellerman v. MCI Telecommunications Corp.,* 112 Ill.2d 428, 98 Ill.Dec. 24, 493 N.E.2d 1045, 1048 (1986), *cert. denied,* 479 U.S. 949, 107 S.Ct. 434, 93 L.Ed.2d 384 (1986). Plaintiffs in this case present allegations similar to those made by the plaintiffs in *Kellerman:*

> Plaintiffs do not challenge the reasonableness of . . . charges imposed by defendant, but only the fact that its advertising did not disclose [the true nature of the service]. It is alleged that through these advertisements and promotions, defendant engaged in a course of conduct to falsely represent to the plaintiff[s] and the general public . . . .

*Kellerman,* 98 Ill.Dec. 24, 493 N.E.2d at 1048 (quotation marks omitted). Resolution of Plaintiffs' allegations does not require this Court to: assess the reasonableness of a billing factor; substitute the Court's judgment for that of an administrative agency; address uniformity in regulation; or exercise technical expertise. *See Nader,* 426 U.S. at 299–300, 96 S.Ct. at 1984–85; *In re Long Distance,* 831 F.2d at 631. On every business day of the year, Tennessee courts address claims of false and misleading statements made in connection with the sale of services and products. *Tenore v. AT & T Wireless,* 136 Wash.2d 322, 962 P.2d 104, 115 (1998), *cert. denied,* 525 U.S. 1171, 119 S.Ct. 1096, 143 L.Ed.2d 95 (1999); *cf. In re Long Distance,* 831 F.2d at 633 ("These claims . . . are 'within the conventional experience of judges.'") (citation omitted).

The court notes that Defendants misrepresentations as alleged in Plaintiffs' Complaint were completely independent of rates charged and market entry. As the Supreme Court recognized in *Nader,* any impact on Defendants' rates charged as a result of complying with state laws prohibiting misleading and untruthful advertising and sales practices would have been "merely incidental." *See Nader,* 426 U.S. at 300, 96 S.Ct. at 1985. Thus, Plaintiff's motion for remand should be granted as to this claim.

## IV. Conclusion

This court notes that regulation of deceptive practices in connection with such sales is an area traditionally reserved for regulation by the states. For the foregoing reasons, the court finds that Plaintiffs' claims are not completely preempted by federal law. Accordingly, this Court grants Plaintiffs' motion for remand. This case is hereby remanded to the Chancery Court of Fayette County, Tennessee for the Twenty–Fifth Judicial District at Somerville.