248 F.Supp.2d 885 (2003)
STATE ex rel. Jeremiah W. (Jay) NIXON, Plaintiff,
v.
NEXTEL WEST CORP., et al., Defendants
Nos. 4:02-CV-1845 CAS, 4:02-CV-1846 CAS.
United States District Court, E.D. Missouri, Eastern Division.
February 4, 2003.
*886 Erwin O. Switzer, III, Partner, Rex M. Burlison, Jacob B. Zimmerman, Attorney General of Missouri, St. Louis, MO, for Plaintiff.
Glennon P. Fogarty, Husch and Eppenberger, LLC, St. Louis, MO, Brant M. Laue, Armstrong and Teasdale, Kansas City, MO, John E. Villafranco, Collier and Shannon, Washington, DC, Jay A. Summerville, Armstrong Teasdale, LLP, St. Louis, MO, Chad E. Colgan, Armstrong and Teasdale, Kansas City, MO, Lee Lauridsen, Overland Park, KS, for Defendants.
MEMORANDUM AND ORDER
SHAW, District Judge.
These cases are before the Court on plaintiffs motions to remand for lack of subject matter jurisdiction. Defendants Nextel West Corporation ("Nextel") and Sprint Spectrum, L.P. ("Sprint") oppose the motions. Also pending are Nextel's motion to dismiss, and both defendants' motions to transfer venue. These cases will be consolidated on the Court's own motion pursuant to Federal Rule of Civil Procedure 42(a). For the following reasons, the Court concludes it lacks subject matter jurisdiction over the consolidated case, and will grant plaintiffs motion to remand it to the state court from which it was removed.[1]

*887 I. Background.

Plaintiff Jeremiah "Jay" Nixon, the Attorney General of the State of Missouri, filed this action in the Circuit Court of the City of St. Louis, Missouri. Sprint removed the action to federal court citing 28 U.S.C. §§ 1331, 1337, 1441(a) and (b), and defendant Nextel removed citing 28 U.S.C. §§ 1441(a) and 1446(a).[2] Both defendants contend that plaintiffs claims are either completely preempted by federal law or raise a substantial federal question under the Federal Communications Act of 1934, specifically 47 U.S.C. § 332(c)(3)(A) ("FCA"). Plaintiff filed a motion to remand, which defendants oppose. Defendant Nextel has filed a motion to dismiss plaintiffs claims. Both defendants have filed motions to transfer the case to the United States District Court for the Western District of Missouri.
The Petition alleges that defendants are engaging in consumer fraud and seeks to prevent such conduct and to recover costs and statutory penalties. The Petition asserts claims under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010 et seq. Plaintiff seeks a temporary restraining order and preliminary injunction against Nextel and Sprint to ban certain allegedly deceptive advertising and invoicing.
The Petition alleges that defendants have decided to charge their customers more money for cellular telephone services, but rather than increasing their basic rates, defendants have characterized the increase as a fee. Plaintiff does not contend this is prohibited, but does contend that the manner in which defendants have invoiced and advertised the fee is deceptive, because it appears to be a tax or mandated by the federal government. Specifically, plaintiff alleges that Nextel lists on its invoices a line item for "Federal Programs Cost Recovery" under the heading "Unit Taxes, Fees and Assessments," after a list containing properly assessed taxes. Sprint lists on its invoices a line item for "USA Regulatory Obligations and Fees" under the heading "Other Surcharges and Fees," which is under the general heading "Detail of Taxes, Regulatory and Other Surcharges and Fees." Plaintiff asserts these two charges are simply part of the companies' overhead costs of complying with governmental regulations and are like other overhead costs.[3]
The petition asserts consumer fraud in that Nextel and Sprint, while advertising a basic monthly charge, are inconspicuously increasing the actual rates they impose on consumers. Plaintiff asserts that most reasonable consumers will assume the "Federal Programs Cost Recovery" fee or the "USA Regulatory Obligations and Fees" charge are taxes or mandated fees that apply to all cellular telephone companies, *888 rather than charges Nextel and Sprint have chosen to impose. As a result, plaintiff contends that Nextel and Sprint's advertised monthly rates are understated, and this constitutes a deception which makes it more difficult for consumers to shop around and find the best cellular telephone deal available. Plaintiff also contends this deception prevents customers from knowing they can exercise certain contractual rights, specifically the right to terminate their cellular service agreements upon the imposition of a rate increase. By concealing the rate increase, Nextel and Sprint ensure that most customers will not realize they can cancel their service agreements.

II. Legal Standard.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cos. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997), cert, denied 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998). In determining whether a claim "arises under" federal law, courts must be "mindful that the nature of federal removal jurisdictionrestricting as it does the power of the states to resolve controversies in their own courtsrequires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir.2002) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).
The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir.2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)), cert, denied, 532 U.S. 921, 121 S.Ct. 1358, 149 L.Ed.2d 288 (2001).[4] A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." Peters v. Union Pacific Railroad Co., 80 F.3d 257, 260 (8th Cir.1996) (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).
In most instances, the presence or absence of a federal question is governed by the well-pleaded complaint rule "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint." Caterpillar, 482 U.S. at 392, 107 S.Ct. 2425. A plaintiff is the master of his complaint, and may avoid federal removal jurisdiction by exclusive reliance on state law. Id. "Congress has long since decided that federal defenses do not provide a basis for removal." Id. at 399, 107 S.Ct. 2425. "Thus, a case may not *889 be removed to federal court on the basis of a defense, even if the defense in anticipated in the plaintiffs complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (internal quotations and alterations omitted).
There are limited circumstances, however, in which the presentation of a federal defense will give rise to federal jurisdiction. The doctrine of complete preemption is a narrow exception to the well-pleaded complaint rule. Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000). Complete preemption applies in circumstances where certain federal statutes are deemed to possess " `extraordinary pre-emptive power,' a conclusion courts reach reluctantly." Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir.1996) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Under the doctrine, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393, 107 S.Ct. 2425. "Whether federal law pre-empts a state-law cause of action is a question of congressional intent." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). Courts "must determine whether Congress has clearly manifested an intent to make a cause of action pleaded under state law removable to federal court, mindful that in the ordinary case federal preemption is merely a defense to a plaintiffs lawsuit." Magee v. Exxon Corp., 135 F.3d 599, 602 (8th Cir. 1998) (internal citation omitted).
The artful pleading doctrine provides that a plaintiff may not defeat removal by omitting to plead necessary federal questions. Rivet, 522 U.S. at 475, 118 S.Ct. 921. The artful pleading doctrine is limited to federal statutes which "so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal." Metropolitan Life, 481 U.S. at 63, 107 S.Ct. 1542.

III. Discussion.

Plaintiffs motion to remand and Nextel's motion to dismiss both raise the issue whether plaintiffs state law claims survive the preemptive power of the FCA. The Court addresses the motion to remand first, because it must determine whether subject matter jurisdiction is present in this case. Because the Court concludes that removal was not proper and the motion to remand must be granted, the Court does not address the substantive claims of preemption raised in Nextel's motion to dismiss. The Court also does not address defendants' motions to transfer venue.
In opposing the motion to remand, Nextel argues the Petition raises claims that are completely preempted by § 332 of the FCA, and seeks to alter Nextel's rate practices by altering its disclosure about its rates. In the alternative, Nextel argues that the Petition raises substantial federal questions because it puts Nextel's compliance with Federal Communications Commission ("FCC") guidelines and regulations at issue. Sprint argues that the artful pleading doctrine applies, although it does not argue that the FCA completely preempts the field, because the merits of this case turn on an important federal question. Sprint contends that plaintiffs claim is really a disguised federal claim and plaintiff has necessarily omitted to plead necessary federal questions, because cellular telephone service fees are governed by federal law and regulatory requirements, *890 and Sprint is allowed by the FCC to pass on fees to end users.

A. Complete Preemption.
The FCA governs and regulates communication by wire and radio. 47 U.S.C. § 151. The FCC expressly prohibits states from regulating "the entry of or the rates charged by any commercial mobile service." 47 U.S.C. § 332(c)(3)(A). Nextel claims that plaintiffs claims challenge its rates and rate practices, and therefore the FCA controls this action. In pertinent part, the FCA provides:
(3) State Preemption. (A) Notwithstanding sections 2(b) and 221(b) [47 U.S.C. §§ 152(b) and 221(b)], no State or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services. Nothing in this subparagraph shall exempt providers of commercial mobile services (where such services are a substitute for land line telephone exchange service for a substantial portion of the communications within such State) from requirements imposed by a State commission on all providers of telecommunications services necessary to ensure the universal availability of telecommunications service at affordable rates. Notwithstanding the first sentence of this subparagraph, a State may petition the Commission for authority to regulate the rates for any commercial mobile service ....
47 U.S.C. § 332(c)(3)(A).
The FCA also contains a savings clause: Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies. 47 U.S.C. § 414.
As previously stated, the complete preemption doctrine is limited, and only applies where a statutory scheme has "extraordinary preemptive power." State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1108 (8th Cir.), cert, denied, 527 U.S. 1039, 119 S.Ct. 2400, 144 L.Ed.2d 799 (1999). The Supreme Court has approved its use in only three areas: (1) claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 141, et seq., see Avco Corp. v. Aero Lodge No. 735, Int'l. Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 561-62, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); (2) claims under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., by a participant or beneficiary, see Metropolitan Life, 481 U.S. at 66-67, 107 S.Ct. 1542; and (3) claims alleging a present right to possession of Indian tribal lands, see Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974). "[T]he prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court." Metropolitan Life at 69, 107 S.Ct. 1542 (J. Brennan, concurring).
The Eighth Circuit has not addressed whether Congress intended the FCA to completely preempt state law claims in the field of interstate telecommunications. Two circuits have held that the FCA does not completely preempt state law claims in the field because, as the Second Circuit explained, "The FCA not only does not manifest a clear Congressional intent to preempt state law actions prohibiting deceptive business practices, false advertisement, or common law fraud, it evidences Congress's intent to allow such claims to *891 proceed under state law." Marcus v. AT&T Corp., 138 F.3d 46, 54 (2d Cir.1998) (citing the FCA's savings clause, 47 U.S.C. § 414). "Moreover, while the FCA does provide some causes of action for customers, it provides none for deceptive advertisement and billing." Id. In Smith v. GTE Corp., 236 F.3d 1292, 1312 (11th Cir. 2001), the Eleventh Circuit reached the same conclusion. The weight of authority holds that the FCA does not completely preempt state law claims. See, e.g., Braco v. MCI Worldcom Communications, Inc., 138 F.Supp.2d 1260, 1269 (C.D.Cal.2001) (statute did not completely preempt the field to confer a basis for removal); Crump v. WorldCom, Inc., 128 F.Supp.2d 549, 554 (W.D.Tenn.2001) (no removal available based on FCA complete preemption or artful pleading); State of Minnesota v. Worldcom, Inc., 125 F.Supp.2d 365, 370 (D.Minn.2000) (same); Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc., 958 F.Supp. 947, 955-57 (D.Del.1997) (FCA does not completely preempt the telecommunications field); Weinberg v. Sprint Corp., 165 F.R.D. 431, 435-36 (D.N.J. 1996) (FCA did not preempt claims for fraud and negligent misrepresentation based on failure to disclose that phone calls were rounded up to the next minute for billing purposes).
The Court finds the statutory text of the FCA lacks the extraordinary preemptive power required to convert a state-law complaint "into one stating a federal claim for purposes of the well-pleaded complaint rule." Metropolitan Life, 481 U.S. at 65, 107 S.Ct. 1542. The plain language of the FCA shows that Congress intended to allow certain claims to proceed under state law. Nextel has not identified any provision of the FCA which demonstrates that Congress intended to regulate the advertisement and invoicing of commercial mobile services. For these reasons, this Court joins with the majority of courts which hold that Congress, in enacting the FCA, did not intend to completely preempt state law claims in the field of commercial mobile services based on fraud or false advertising.
Nextel relies on Bastien v. AT&T Wireless Services, Inc., 205 F.3d 983 (7th Cir. 2000), in support of its complete preemption argument. In Bastien, the Seventh Circuit held that a state law challenge to the quality of AT & T's cellular service and tower construction policies was completely preempted. The plaintiff sued AT & T in state court asserting claims of breach of contract and consumer fraud based on the unsatisfactory quality of AT & T's cellular telephone service (e.g., a high volume of unsuccessful calls and calls cut off in midcall), which plaintiff alleged was a result of AT & T's signing up cellular service subscribers before it built the necessary cellular towers and other infrastructure. The defendant removed to federal court, and plaintiffs motion to remand was denied.
The Seventh Circuit affirmed the denial of the motion to remand, observing that the two clauses of 47 U.S.C. § 332(c)(3)(A) when "read together create separate spheres of responsibility, one exclusively federal and the other allowing concurrent state and federal regulation." Bastien, 205 F.3d at 987. "Cases that involve `the entry of or the rates charged by any commercial mobile service or any private mobile service' are the province of federal regulators and courts. 47 U.S.C. § 332(c)(3)(A). The states remain free to regulate `other terms and conditions' of mobile telephone service." Bastien, 205 F.3d at 987.
The Seventh Circuit further observed that "most consumer complaints will involve the rates charged by telephone companies or their quality of service," id. at 988, and based on Supreme Court precedent, "a complaint that service quality is poor is really an attack on the rates charged for the service and may be treated *892 as a federal case regardless of whether the issue was framed in terms of state law." Id. (citing American Tel. & Tel. Co. v. Central Office Telephone, Inc., 524 U.S. 214, 228, 118 S.Ct. 1956, 141 L.Ed.2d 222 (1998)). The Seventh Circuit also stated the FCA expressly dictates the terms under which a cellular service provider may enter a market, and makes the FCC responsible for determining the number, placement and operation of cellular towers and other infrastructure. Id. Based on this authority, the Seventh Circuit found that Bastien's complaint directly attacked AT & T's rates and its right to enter the Chicago market, noting that the claims "tread directly on the very areas reserved to the FCC: the modes and conditions under which AT & T Wireless may begin offering service in the Chicago market." Id.
The Seventh Circuit contrasted Bastien's claim with a Sixth Circuit case in which certain of the plaintiffs' state law claims against long-distance companies were not preempted, In re Long Distance Telecommunications Litigation, 831 F.2d 627, 633-34 (6th Cir.1987). In Long Distance Litigation, "the plaintiffs accused the long-distance companies of state law fraud and deceit for failing to tell customers of their practice of charging for uncompleted calls. The [Sixth Circuit] reasoned that the purpose of the preemption clause to achieve nationwide uniformity in telecommunication regulation was not at issue in a case challenging fraudulent and deceitful statements by the telephone service providers. Because the claims for fraud and deceit would not have affected the federal regulation of the carriers at all, the court held that Congress could not have intended to preempt the claims." Bastien, 205 F.3d at 988-89 (internal citation omitted). Thus, although the Seventh Circuit held that rate challenges are completely preempted by the FCA, it recognized that state law actions challenging only deceitful statements by mobile carriers are not preempted. Id.
The issue remains whether plaintiffs claims are properly characterized as challenges to defendants' rates. The Court finds plaintiffs Petition is straightforward and challenges only the defendants' allegedly deceptive description of their rates in invoices and advertising. The Petition does not challenge the rates themselves and does not ask the state court for any relief that would regulate the defendants' rates. The Petition does not assert that defendants' fees should be included in the basic rate rather than exist as a separate line item, but instead asks that the defendants "fully and fairly disclose the nature" of their fees "if they choose" to impose them. There is nothing in the Petition which will require defendants to change their rate practices.
As a result, plaintiffs claims in this case are readily distinguishable from those in Bastien, and are analogous to the type of state law claims that courts have uniformly found are not preempted. See, e.g., Marcus, 138 F.3d at 54 (state law claims for fraud and negligent misrepresentation based on deceptive advertisement and billing not preempted); Long Distance Litigation, 831 F.2d at 633-34 (state law claims for fraud and deceit based on defendants' failure to tell customers of their practice of charging for uncompleted calls not preempted); Braco v. MCI Worldcom, 138 F.Supp.2d at 1269 (claims that defendant's advertising of pre-paid calling cards was false and unfair under state unfair competition act not preempted); Crump v. WorldCom, 128 F.Supp.2d at 554 (claims for violation of state consumer protection act, misrepresentation and unjust enrichment based on false advertising of defendant's long-distance calling plan not preempted); State of Minnesota v. Worldcorn, 125 F.Supp.2d at 370 (claims that defendant's advertising of long-distance *893 calling plan violated state consumer protection statutes not preempted); Sanderson, 958 F.Supp. at 955-57 (claims that defendant violated consumer fraud statute and breached contract based on failure to disclose its billing practice of charging for non-communication period beginning with initiation of call not preempted); Weinberg, 165 F.R.D. at 435-36 (fraud and negligent misrepresentation claims asserting defendant engaged in deceptive and misleading advertising by failing to disclose that it rounded up phone calls to the next minute in computing its charges not preempted). See also Gilmore v. Southwestern Bell Mobile Sys., Inc., 156 F.Supp.2d 916, 924-25 (N.D.Ill.2001) (fraud claims, that defendant added a fee to its cellular telephone rates while attempting to hide the increase in charges, were nondisclosure claims like those in Long Distance Litigation and were not preempted, although state law claims that fee was unconscionable and defendant acted in bad faith were preempted as a challenge to defendant's rates); In re Comcast Cellular Telecommunications Litigation, 949 F.Supp. 1193, 1199-1201 (E.D.Pa.1996) ("Comcast ") (claims under state consumer protection law alleging unfair and deceptive practice for failure to disclose that defendant billed for non-communication time were not preempted; claims that this same conduct breached implied duty of good faith and fair dealing under state contract law were preempted as a challenge to defendant's rates).
For these reasons, the Court concludes that it lacks federal question jurisdiction over plaintiffs claims for injunctive relief based on alleged violations of state consume protection law with respect to fraud and false advertising. This conclusion does not preclude the parties from litigating about the ordinary preemptive effect, if any, of the FCA or FCC regulations in subsequent state court litigation.

B. Artful Pleading.
Sprint argues that federal question jurisdiction exists over plaintiffs claims under the artful pleading doctrine. This doctrine provides that a plaintiff may not defeat removal by inadvertently, mistakenly or fraudulently omitting from his petition a necessary element of the claim which depends on federal law. See Gore, 210 F.3d at 950. The Supreme Court has instructed that the artful pleading doctrine applies where federal law completely preempts a plaintiffs state law claim. Rivet, 522 U.S. at 475, 118 S.Ct. 921. Thus, as plaintiff argues, complete preemption is a prerequisite for application of the artful pleading doctrine.
For the reasons discussed above, the Court has concluded that the FCA does not completely preempt a claim for injunctive relief arising from an alleged violation of state consumer protection laws with respect to false advertising and invoicing. In this case, the plaintiffs claims arise solely from state law, and do not depend on the existence of a federal right as an essential element of the cause of action. The federal question in this case involves the federal defense of preemption. See Coeur D'Alene, 164 F.3d at 1109 n. 4. Consequently, the Court concludes that the artful pleading doctrine does not provide a separate basis for the exercise of removal jurisdiction.[5]

*894 C. Costs and Attorney's Fees.
Plaintiff seeks costs and attorney's fees for improper removal, pursuant to 28 U.S.C. § 1447(c). Plaintiff requests attorney's fees incurred in connection with his motion to remand and the two motions to transfer, seeking eight hours for each of the three motions at the rate of $125.00 per hour, for a total of $3,000.00. Defendant Nextel does not respond to plaintiffs request for fees. Defendant Sprint asserts that its removal was well founded, and in any event, an award of costs and fees is inappropriate where a removal involves complex or novel issues in an area of the law that is unsettled.
Pursuant to 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award fees is discretionary. See McHugh v. Physicians Health Plan of Greater St. Louis, Inc., 953 F.Supp. 296, 301 (E.D.Mo.1997).
Although there is no controlling precedent in the Eighth Circuit with respect to FCA preemption, every case cited by parties and found by this Court in independent research indicates that the type of fraud non-disclosure claims asserted by plaintiff are not preempted by the FCA and do not support removal. Even the cases cited by Nextel in support of its complete preemption argument, Bastien and Comcast, do not support the exercise of federal jurisdiction over the type of claims presented in this case, but rather stand for the proposition that the Seventh Circuit has found complete preemption to exist over claims challenging rates and market entry. Complete preemption in Bastien and Comcast was based on claims which are legally distinct from those asserted in the instant case. There is a significant body of federal case law which uniformly indicates that fraud non-disclosure claims concerning rates are not preempted. Sprint did not provide the Court with any persuasive authority to support its assertion that the artful pleading doctrine would provide a basis for removal jurisdiction in this case, and its reliance on the Bastien, Comcast and Gilmore cases does not support removal for the reasons discussed above. Sprint's arguments all concerned the existence of a federal defense, not an element of the plaintiffs claims. Thus, the Court concludes that defendants' removal was without support. The Court does not find that defendants acted in bad faith, but such a finding is not a prerequisite to the imposition of fees.
In circumstances such as these, the balance of the equities supports an award of fees to reimburse plaintiff for unnecessary litigation costs caused by defendants. In the exercise of its discretion, the Court will award plaintiff its attorney's fees pursuant to 28 U.S.C. § 1447(c). The Court has reviewed the affidavits of Mr. Switzer and Mr. Zimmerman and concludes that the fees requests are reasonable both as to hourly rate and as to the number of hours billed. Plaintiff will be awarded attorney fees against the defendants, jointly and severally, in the amount of $3,000.00.

IV. Conclusion.

For the foregoing reasons, the Court concludes that the preemptive force of the FCA does not provide a basis for removal *895 jurisdiction. Plaintiffs motion to remand must be granted, as the Court lacks subject matter jurisdiction. The Court will deny as moot defendant Nextel's motion to dismiss and both defendants' motions to transfer venue. Defendant Nextel's request for oral argument is denied. Plaintiffs request for costs and attorney's fees will be granted in the amount of $3,000.00.
Accordingly,
IT IS HEREBY ORDERED that on the Court's own motion, Case No. 4:02-CV-1846 CAS is consolidated into Case No. 4:02-CV-1845 CAS, pursuant to Rule 42(a), Fed.R.Civ.P.
IT IS FURTHER ORDERED that plaintiffs motion to remand is GRANTED. [Doc. 10/Doc. 0]
IT IS FURTHER ORDERED that defendant Nextel West Corporation's motion to dismiss is DENIED as moot. [Doc. 27]
IT IS FURTHER ORDERED that defendants' motions to transfer venue are DENIED as moot. [Doc. 18/Doc. 5]
IT IS FURTHER ORDERED that plaintiffs request for attorney's fees is GRANTED; plaintiff is awarded attorney's fees against defendants Nextel West Corporation and Sprint Spectrum, L.P., jointly and severally, in the amount of Three Thousand Dollars ($3,000.00). Defendants shall pay plaintiff these fees within thirty (30) days of the date of this order.
An appropriate order of remand will accompany this memorandum and order.

ORDER OF REMAND
In accordance with the memorandum and order of this date and incorporated herein,
IT IS HEREBY ORDERED that this consolidated matter is REMANDED to the Circuit Court of the City of St. Louis, Missouri, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).
NOTES
[1] This case was filed in the Circuit Court of the City of St. Louis, Missouri, and captioned State ex rel. Nixon v. Nextel West Corp. and Sprint Spectrum, L.P., No. 024-02609 (22nd Judicial Circuit second defendant, Sprint Spectrum, L.P. The first removal was docketed as Case No. 4:02-CV-1845 CAS, and the second as 4:02-CV-1846 CAS. Both removals invoke the Court's federal question jurisdiction. The separate removals were not accidental, as both counsel were present in the Clerk's office at the same time and insisted on filing separate removals.

Under the "rule of unanimity," all defendants to an action must join in or consent to the notice of removal, or there is a defect in removal procedure under 28 U.S.C. § 1447(c). See Marano Enters, of Kansas, Inc. v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n. 2 (8th Cir.2001). Defendants may join in the notice of removal or file a separate notice of removal. Ross v. Thousand Adventures of Iowa, Inc., 178 F.Supp.2d 996 (S.D.Iowa 2001) (citing Marano Enters., 254 F.3d at 755-57). Defendants may not, however, elect to create multiple removed federal cases out of one state court case, as was done here. Consolidation of the two cases is therefore appropriate, and Case No. 4:02-CV-1846 CAS will be consolidated in Case No. 4:02-CV-1845 CAS. See Eastern District Local Rule 4.03.
[2] Section 1441(a) provides in pertinent part: Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. Section 1441(b) provides in pertinent part: Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States a shall be removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(a), (b).
[3] The challenged charges relate to a federally-mandated program implemented by the Federal Communications Commission to provide emergency 911 capability in commercial mobile radio service carriers' wireless telephone services, which will eventually allow public safety personnel to call back if a 911 call is disconnected, and to determine the approximate longitude and latitude of a mobile unit making a 911 call.
[4] There is no allegation that complete diversity of citizenship exists in this case.
[5] Sprint cites the Gore decision as supporting removal based on artful pleading in the absence of complete preemption. In Gore v. Trans World Airlines, 210 F.3d 944 (8th Cir. 2000), which concerned state law tort claims by a union member against his employer, the Eighth Circuit concluded that under the Labor Management Relations Act ("LMRA") and the Railway Labor Act, a state law claim which depends upon an interpretation of a collective bargaining agreement is preempted. This is because "complete preemption applies to disputes involving duties and rights created or defined by the collective bargaining agreement." Id. at 949. As plaintiff correctly observes, "Although the court used the phrase `artful pleading,' it was analyzing whether the plaintiff had artfully avoided pleading the `duties and rights created or defined by the collective bargaining agreement,' to which complete preemption would apply." PL's Reply Mem. at 6-7.